T. K. WOODS *v.* HOPMANN MACHINERY, INC.

89-239                                         782 S.W.2d 363

Supreme Court of Arkansas
Opinion delivered January 16, 1990

*Gibson & Hashem*, by: *C.C. Gibson III*, for appellant.

*Gill, Johnson & Gill*, by: *Brooks A. Gill*, for appellee.

TOM GLAZE, Justice. This case involves the appellee's sale of a combine to the appellant. In August 1982, appellant purchased the machine for $46,500 payable over a five year period; he paid a down payment comprised of $3,000 in cash and a note in the amount of $6,500 which was secured by the combine. Soon after the sale, appellant complained that the combine failed to harvest his crops. After the parties were unable to satisfy their differences, the appellee, having repossessed the combine, filed suit on October 2, 1985, to collect the $6,500 note. Appellant answered denying liability. Appellee then moved for a summary judgment, and appellant responded, raising several defenses including the appellee breached expressed and implied warranties. Appellant raised his implied warranty defense late in the litigation by amending his counterclaim on March 29, 1988. The trial court granted appellee's request for summary judgment, finding the appellant's expressed warranty defense was barred by the terms of the parties' sales contract, and it further concluded that appellant's implied warranty claim was foreclosed by both the terms of the contract and by the statute of limitations. We reverse.

■ Appellant does not seriously challenge the trial court's holding that his expressed warranty claim is barred by a specific provision contained in the parties' contract. Instead, his primary argument is that his implied warranty claim was not barred by the statute of limitations nor should it have been resolved by summary judgment. In making his argument, appellant states that while he raised his implied warranty defense by amended counterclaim after the four year statute of limitations for such a claim had run, Ark. R. Civ. P. 15(c) operated to relate the amended claim back to the date of appellant's original pleading (counterclaim) which had been filed well within the limitation statute. We agree.

■■ Rule 15 not only makes liberal provision for amendments to pleadings, it also states that any claim asserted in the amended pleading, which arises out of the conduct, transaction or occurrence set forth in the original pleading relates back to the date of the original pleading. *Jim Halsey Co.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985). Since the amendment relates back,

there can be no statute of limitations objection to the amendment without proof of undue delay or prejudice. *Id.* In the present case, in his original counterclaim, appellant alleged the appellee had expressly guaranteed that the combine would properly harvest appellant's crop—which the machine failed to do after multiple adjustments and repairs. In his amended claim, he primarily relied upon the same allegations underlying his express warranty claim but added that the same sale or transaction, and appellee's conduct surrounding it, breached implied warranties of merchantability and fitness for particular ·purpose. Because appellant's amended claim arose out of the same transaction described in his original counterclaim, his amended counterclaim related back to his original pleading and thereby avoided the application of the statute of limitations. Furthermore, the appellee failed to argue below that the amendment of the counterclaim would cause undue delay or prejudice. Regardless, since the appellant's claim for breach of implied warranty is so closely related to the earlier claim of breach of expressed warranty, there can be no undue delay or prejudice.

In so holding, we note the appellee's argument that neither appellant's original nor his amended counterclaim contained sufficient facts to support his allegations of expressed or implied warranty violations.[1] We dismiss such arguments because they were not raised below. Appellee could have raised such arguments by filing a motion under Ark. R. Civ. P. Rule 12(b)(6), but instead it sought summary judgment relief pursuant to Ark. R. Civ. P. Rule 56.

Of course, summary judgment is only proper when a review of the pleadings, depositions or other filings reveal that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Township Builders, Inc.* v. *Kraus Construction Co.*, 286 Ark. 487, 696 S.W.2d 308 (1985). While appellee contends otherwise, we conclude that the record reveals the appellant has shown a

---

[1] As another deficiency in pleading breach of warranty, appellee argues on appeal that the appellant's pleadings were required to, but did not, contain the factual allegation of notice. Again, this issue was not argued below, but even so, such notice requirement is no longer necessary. *See* Ark. R. Civ. P. Rule 9(c); Cox, Newbern, *New Civil Procedure: The Court that Came in from the Code*, 33 Ark. L. Rev. 1, 22 (1979).

material factual issue exists regarding his implied warranty claim, which we found above to have been filed timely.

■ To recover for breach of implied warranty, the plaintiff must prove the following: (1) he sustained damages; (2) at the time of contracting, the defendant had reason to know the particular purpose for which the product was required; (3) the defendant knew the buyer was relying on the defendant's skill or judgment to select or furnish the product; (4) the product was not fit for the purpose for which it was required; (5) the unfitness was a proximate cause of plaintiff's damages; and (6) the plaintiff was a person whom defendant would have reasonably expected to use the product. *See E. I. DuPont Nemours & Co.* v. *Dillaha*, 280 Ark. 477, 659 S.W.2d 756 (1983).

■ Here, the appellant's pleadings and affidavits show he purchased a new combine from appellee after appellee assured appellant that the combine would properly harvest appellant's crops. Appellant sustained over $20,000 in damages as a result of the combine's failure to harvest his crops. Appellant relied upon appellee and his mechanic to correct the equipment, but to no avail. We believe the appellant's assertions clearly support an implied warranty claim.

Finally, we consider appellee's contention that the appellant waived his right to bring a counterclaim for breach of warranty when he signed a "reaffirmation" agreement to pay the note upon which appellee brought this action. In sum, appellee claims it negotiated a settlement whereby it repossessed the combine, agreed not to sue for the deficiency owed by appellant and the appellant reaffirmed he would pay the $6,500 down payment note. Appellee claims the appellant does not dispute that such a settlement took place, but concedes the appellant asserts that any such settlement was the result of undue influence exercised by the appellee against the appellant. Appellee attached to his summary judgment motion a typewritten note signed by the appellant whereby he agreed to pay the $6,500 promissory note and acknowledged that the appellee's repossession of the combine did not satisfy the promissory note.

Although appellant never denied he signed a "piece of paper" that provided he would pay the $6,500 note, appellant stated the appellee only asked him to sign that paper so appellee

could show it to appellant's wife so she would pay the $6,500 from life insurance proceeds after the appellant died. Appellant said that his doctors had told him he had terminal cancer and only a few months to live. Appellant shared this information with appellee and further revealed his wife would receive a "good bit of life insurance." During this discussion, appellant submits he told appellee that he had no money and did not feel obligated to pay the $6,500 note but that because he and appellee were friends, appellant would ask his wife to pay the $6,500 from the life insurance proceeds after he died.

When we view the pleadings and affidavits most favorably in appellant's behalf, as we must, we conclude a genuine issue of material fact exists concerning whether appellant ever agreed to any final settlement or resolution of the differences separating the parties.[2] For this and the foregoing reasons, we reverse and remand this matter for further proceedings and a full development of the issues by the parties.

---

[2] We note that the appellant raised two other arguments concerning the impropriety of summary judgment in this case. These arguments concerned undue influence and strict foreclosure notice requirements, however because of our holding on the first issue we need not address them.