SOUTHWESTERN BELL TELEPHONE CO. *v.*
BLASTECH, INC. and Blastech Drilling, Inc.

92-1336                                                     852 S.W.2d 813

Supreme Court of Arkansas
Opinion delivered May 17, 1993

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellant.

*Friday, Eldredge & Clark*, by: *James M. Simpson* and *John Fendley, Jr.*, for appellees.

DAVID NEWBERN, Justice. In this negligence case the appellant, Southwestern Bell Telephone Company (Southwestern Bell), mistakenly sued a company called "Blastech, Inc." (Blastech), instead of "Blastech Drilling, Inc." (Blastech Drilling), for cutting a telephone cable. The complaint was dismissed because the statute of limitations had run before Blastech Drilling was added as a defendant. We hold the Trial Court erred because, pursuant to Ark. R. Civ. P. 15(c), the amendment related back to the time of the filing of the original complaint, thus the statute of limitations did not bar it.

On October 31, 1990, Southwestern Bell sued Blastech, alleging that on August 10, 1988, Blastech damaged an underground cable while drilling holes to install dynamite charges. The subcontract, pursuant to which the work was being done, at one point named Blastech as the subcontractor. It was signed, however, on behalf of Blastech Drilling by its president, Adrian Blood.

In his deposition taken February 24, 1992, Blood stated he was the president and majority shareholder of both Blastech and Blastech Drilling. He stated the two were sister companies engaged in the same type work, and Blastech Drilling was normally responsible for drilling and was the corporation that caused the alleged damage to Southwestern Bell's underground cable. Upon learning at the deposition hearing that Blastech Drilling was the proper defendant, counsel for Southwestern Bell proposed to amend the complaint to add Blastech Drilling as a defendant. Counsel for Blastech replied "no" when asked if he had any objection to the amendment. In a later hearing before the Trial Court, Blastech and Blastech Drilling's counsel said he had no objection to the amendment but that he objected to it being

considered as it was barred by the statute of limitations.

On July 6, 1992, Southwestern Bell amended its complaint to include Blastech Drilling as a defendant. Blastech and Blastech Drilling moved to dismiss the amended complaint, alleging the claim against Blastech Drilling was barred by the three-year statute of limitations. After a hearing on the motion, the Trial Court dismissed the complaint against Blastech Drilling with prejudice.

When an amendment changes the party against whom the claim is asserted or adds a party after the statute of limitations has run, it may relate back to the time of filing of the original complaint. Relation back is dependent upon proof of four factors: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining a defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Harvill* v. *Community Methodist Hosp. Ass'n.*, 302 Ark. 39, 786 S.W.2d 577 (1990), *citing Schiavone* v. *Fortune*, 477 U.S. 21 (1986). The purpose of Rule 15(c) is to avoid dismissal on technical grounds if the added defendant received notice of the litigation before the statute of limitations expired. *Id.*

### 1. Same conduct

We have little difficulty determining this requirement has been met. The amended complaint adding Blastech Drilling was based upon the August 10, 1988 incident and was virtually identical to the original complaint filed against Blastech. There is no dispute that both pleadings arose from the same conduct.

### 2. Notice

To show Blastech Drilling had notice sufficient to preclude unfair prejudice, Southwestern Bell, over objection, introduced Mr. Blood's deposition in which he stated he was the president and majority shareholder of Blastech and Blastech Drilling. The deposition indicated Blood knew Blastech Drilling performed the allegedly negligent conduct giving rise to the lawsuit. There was

no dispute that Blood was the agent for service of process for both corporations. Southwestern Bell also introduced, without objection, the subcontract forming the basis of the lawsuit which was signed by Blood on behalf of Blastech Drilling.

Blastech and Blastech Drilling's counsel objected to the introduction of the deposition on the ground that it was not admissible because "the corporation" had been dissolved and thus Blood was not an "officer, director, or managing agent" when his deposition was taken as required by Ark. R. Civ. P. 32(a)(2). Blastech and Blastech Drilling take the position that the Trial Court refused to admit the deposition in evidence, and did so correctly. They thus would have us hold that there is no record upon which we can say the Trial Court erred in determining the amendment should not have related back to the original complaint. Southwestern Bell contends the deposition was admitted and considered by the Trial Court in making its decision.

When the objection was raised, the Trial Court allowed the deposition to be proffered. No explicit ruling was made on its admissibility. The remainder of the discussion at the hearing, however, centered on the information contained in the deposition. In addition, Blastech Drilling supported its proposition that the corporation had been dissolved with the very disposition it now contends is not part of the record. In view of these facts, it seems clear that the Trial Court did not hold the deposition of Mr. Blood to be inadmissible, and it is part of the record before us.

Mr. Blood's deposition testimony was compelling evidence that Blastech Drilling had notice of the suit when it was filed. It became incumbent upon Blastech Drilling to show how it might be prejudiced in maintaining a defense. *See generally Woods* v. *Hopmann Mach., Inc.*, 301 Ark. 134, 782 S.W.2d 363 (1990); *Jim Halsey Co.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985) (indicating if the requirements of Rule 15(c) are met, there can be no statute of limitations objection without proof of prejudice). Blastech Drilling, through its president and agent for service, should have realized Southwestern Bell had sued the wrong party. *See Harvill* v. *Community Methodist Hospital Ass'n, supra*; *Trace X Chemical* v. *Gulf Oil Chemical Co.*, 724 F.2d 68 (8th Cir. 1983). Blastech Drilling failed to allege or show prejudice.

### 3. Mistaken identity

The leading Arkansas case with respect to the "mistake concerning identity" test is *Harvill* v. *Community Methodist Hosp. Ass'n, supra.* There, we focused on whether the party made a deliberate strategical decision at the outset not to sue the party later added or whether the failure was caused by mistake in identifying the proper defendant. We affirmed the Trial Court's determination that Harvill made a strategic, initial decision not to pursue her tort claim against the added party.

The Trial Court in the present case was presented with no evidence that Southwestern Bell failed to sue Blastech Drilling initially for some strategic purpose. Nothing of record belies the conclusion that Southwestern Bell had no notice that Blastech Drilling caused the alleged damages until Blood's deposition was taken. Both Blastech and Blastech Drilling were named on the contract, and Blood stated the two sister companies performed similar functions.

There was substantial evidence that the second and third requirements of Rule 15(c) were met when the original complaint was filed, well within the statute of limitations.

Reversed and remanded.