Colleen Taylor BENNETT *v.*
Dorothy SPAIGHT and Cedrick Spaight

07-231                                    277 S.W.3d 182

Supreme Court of Arkansas
Opinion delivered February 21, 2008

*David A. Hodges*, for appellant.

*Watts, Donovan & Tilley, P.A.*, by: *Jim Tilley* and *Staci Dumas Carson*, for appellee son.

P AUL DANIELSON, Justice. Appellant Colleen Bennett appeals from the circuit court's order dismissing her complaint, with prejudice, against appellee Cedric Spaight.[1] Her sole point on appeal is that the circuit court erred in dismissing her complaint. We affirm.

On January 24, 2003, Cedric Spaight, driving the car of his mother, Dorothy Spaight, ran into the back of Ms. Bennett's car. On January 3, 2006, Ms. Bennett filed a complaint solely against Dorothy. The complaint alleged that on the day of the accident, "[t]he posted speed was 60 miles an hour, and traffic was stopped when the Plaintiff was rear-ended by the Defendant." The complaint asserted that the accident was caused by Dorothy's negligence and asserted that Ms. Bennett had sustained injuries and damages. It further stated:

> 11. This is a subrogation claim on behalf of Farm Bureau Insurance Company for payments made under the no-fault provision of the policy in the total amount of $4,925.50. This is not intended to be a claim on behalf of the personal injury, if any, of the insured, Colleen Taylor Bennett, under the circumstances, as Farm Bureau is advising the insured that she must get her own individual lawyer to assert a claim for the personal injury, if any, in view of the fact that the statute of limitations will run in this case on January 24, 2006.

The complaint also demanded a jury trial.

On February 13, 2006, an affidavit of service was filed, which stated that Dorothy had been served with the summons and complaint in the action by delivery of copies to her adult son, Derrick Spaight, at their residence. On February 15, 2006, Dorothy filed a motion to dismiss, denying that Ms. Bennett was the proper party plaintiff, due to the language contained in certain paragraphs of her complaint. She admitted that a vehicle accident occurred on January 24, 2003, but denied the remaining allega-

---

[1] Ms. Bennett's notice of appeal named both Dorothy Spaight and Cedric Spaight as defendants and, thus, upon the lodging of the record with the clerk, the appeal was given the above style. However, as will be noted later in the opinion, Dorothy was dismissed, without prejudice, by Ms. Bennett, leaving Cedric as the sole appellee on appeal. In addition, while the notice of appeal and, accordingly, the style of the appeal spells Cedric's name with a "k," his affidavit, filed with the circuit court, shows the correct spelling to be "Cedric." For that reason, we will use the latter.

tions made by Ms. Bennett's complaint. She further asserted insufficiency of process and service of process and affirmatively pled all defenses available to her.

On February 22, 2006, Ms. Bennett responded to the motion to dismiss, asserting that Dorothy had been served on February 6, 2006, and denying that the motion should be granted. She averred that the affidavit of service reflected actual service on Dorothy and requested a hearing on the issues of insufficiency of process and insufficiency of service of process.

On April 12, 2006, Dorothy filed her answer, again admitting that an accident occurred on the date alleged by Ms. Bennett, but denying the remaining allegations in the complaint. On June 23, 2006, Dorothy filed a motion for summary judgment. In it, she asserted that she was not involved in an accident on the date in question, and "[i]nstead, the driver of the vehicle involved in the collision with Plaintiff was Cedric Spaight." She urged that Ms. Bennett had named the wrong defendant and that Ms. Bennett could not sustain her claim. She further asserted that more than three years had passed since the date of the accident and that the 120-day period for service had also elapsed. Consequently, she claimed, an action against Cedric was time barred and "any amendment could not relate back to the original Complaint under the terms of Rule 15 of Ark. R. Civ. P." On July 13, 2006, Ms. Bennett responded, denying that the summary-judgment motion should be granted and requesting a hearing on the motion.

The same day, Ms. Bennett filed an amended and substituted complaint, in which she named both Dorothy and Cedric as defendants.[2] She alleged that she was "rear-ended by the Defendant." She further alleged, alternatively:

> 9. As an alternative, it is alleged at the time of the accident that the driver of the vehicle was Cedrick Spaight and therefore, he was acting as an agent, servant and employee of the Defendant, Dorothy Spaight, so as to impute the liability of Cedric [sic] Spaight to Dorothy Spaight.

She then claimed that the accident was caused by the negligence of Cedric and demanded a jury trial.

The next day, Dorothy filed an answer to the amended and substituted complaint. In it, she stated that the complaint should be

---

[2] As already noted, this complaint incorrectly spelled Cedric's name as "Cedrick."

dismissed against her pursuant to Ark. R. Civ. P. 12(b)(6), in that Ms. Bennett had failed to state or allege any facts upon which relief could be granted. With respect to Ms. Bennett's cause of action against Cedric, the answer contended that the same was barred by the statute of limitations and was further barred by Ark. R. Civ. P. 12(b)(4) and (5). It further pled, again, that Ms. Bennett was not the proper party in interest.

On July 26, 2006, the circuit court entered an order denying Dorothy's motion for summary judgment. The order found that under Ark. R. Civ. P. 56, the circuit court could review the pleadings, depositions, answers to interrogatories, and admissions on file, as well as affidavits, but that none of those materials accompanied Dorothy's motion. That same day, the circuit court entered an order denying Dorothy's motion to dismiss, noting that the pleadings alone were insufficient to make the determination.

On August 17, 2006, Ms. Bennett filed a second amended and substituted complaint.[3] On October 6, 2006, the circuit court filed a letter opinion in which it directed Dorothy's counsel to "restate your Motion for Summary Judgment and include what you will as per Rule 56." It further stated its belief that a hearing was not necessary.

In accord with the circuit court's letter opinion, Dorothy filed a renewed motion for summary judgment. The motion asserted that Ms. Bennett had admitted that the statute of limitations ran on January 24, 2006. It alleged that Ms. Bennett's claim against Cedric was time barred and that Cedric was not named as a defendant until on or about July 12, 2006, which was well after the statute of limitations had run. It further asserted that there were no facts supporting agency between Cedric and Dorothy. Attached to the motion were an affidavit by Cedric and the deposition testimony of Dorothy, as well as a brief in support.

On November 13, 2006, Ms. Bennett filed a motion for extension of time to serve Cedric. In it, Ms. Bennett claimed that she had not yet been able to serve Cedric as she had only recently obtained a proper address for him. She further asserted that she had made substantial attempts to serve him, but that he could not be located or served. The same day as the motion, the circuit court entered its order granting Ms. Bennett an extension of time to

---

[3] The sole difference between this and the last complaint was the spelling of Cedric's name.

serve Cedric. On November 15, 2006, Ms. Bennett moved to dismiss without prejudice her claim against Dorothy, which the circuit court granted on November 16.

On December 7, 2006, Cedric filed a motion for judgment on the pleadings. In it, he stated that he was served on November 9, 2006, but that Ms. Bennett's claim against him was not timely filed within three years of the date of the accident. For that reason, he asserted, her claim against him was time barred, and he requested that Ms. Bennett's action against him be dismissed with prejudice. Ms. Bennett responded, asserting that her service on Dorothy was made to Derrick Spaight at the family's residence, which "gave notice to Derrick or Cedric Spaight that this was a Complaint that was filed." In addition, she made the following claims:

> 15. Essentially, the Complaint was originally filed against Dorothy Spaight, who was the owner of the vehicle, but was not the driver, and because of a mistake in identity, it was later amended to reflect that Cedric Spaight was the driver of the vehicle. Therefore, all of the pleadings against Cedric Spaight are timely under the circumstances.

> 16. However, if in the event the Court determines that the statute of limitations would run as to Cedric Spaight, then, pursuant to Rule 15, the pleadings referred back to the original Complaint, which was filed well within the statute of limitations, as reflected by the case of Bell v. Jefferson Hospital Association, Inc., [96 Ark. App. 283, 241 S.W.3d 276 (2006),] decided by the Court of Appeals, on October 11, 2006.

> 17. The insurance company for Dorothy Spaight is the same insurance company for Cedric Spaight. Therefore, the insurance company for the Defendant had notice that the wrong driver was listed. In fact, a Motion to Dismiss, alleging essentially that the case ought to be dismissed against Dorothy Spaight, was filed in this case, and therefore, since the insurance company for both of [sic] Dorothy Spaight and Cedric Spaight were aware that they had the wrong driver, Rule 15 should permit the Amended Complaint as to Cedric Spaight to relate back to the original Complaint filed herein.

Cedric replied, asserting that Ms. Bennett amended her complaint to add Cedric after the statute of limitations had expired and more than 120 days after filing her original complaint on

January 3, 2006. Because of this, he urged, Ark. R. Civ. P. 15(c) was of no avail to Ms. Bennett under the circumstances, and the *Bell* decision was inapplicable. On January 23, 2007, Cedric filed his responses to requests for admission, and on January 24, 2007, the circuit court entered its order dismissing Ms. Bennett's complaint against Cedric, finding:

> Plaintiff failed to Amend her Complaint within the 120 days required for service by Arkansas Rules of Civil Procedure 4(i). Further Plaintiff's Amended Complaint falls outside the scope of Bell vs. Jefferson Hospital.

> Plaintiff, Colleen Taylor Bennett's, [sic] cause of action is dismissed with prejudice against Defendant, Cedric Spaight.

Ms. Bennett now appeals.

Ms. Bennett, urging the standard of review for summary judgment, argues that the complaint she filed against Cedric relates back to the original complaint filed against Dorothy pursuant to Ark. R. Civ. P. 15(c). Citing to the requirements set forth in the court of appeals' decision of *Bell v. Jefferson Hospital Ass'n, Inc.*, 96 Ark. App. 283, 241 S.W.3d 276 (2006), Ms. Bennett asserts that Cedric received sufficient notice of the institution of the action. She urges that because Dorothy and Cedric are mother and son, because they lived together, because he was driving her car when the accident occurred, and because they shared legal representation, this court should find that Cedric received constructive notice when Dorothy was served. In the alternative, she claims that there is a disputed issue of fact as to whether Cedric had notice that the original complaint had been filed.

Cedric responds, urging the standard of review for judgment on the pleadings, that Ms. Bennett's pleadings demonstrate that the statute of limitations had run. He contends that Ms. Bennett adduced no proof to satisfy the elements of the relation-back doctrine and maintains that he did not receive notice of the action within 120 days of the filing of the original complaint. Ms. Bennett replies that Cedric received constructive notice of the lawsuit when his mother was served because of the relationship between them.

As an initial matter, we must address the proper standard of review for the instant case. Ms. Bennett urges this court to use a summary-judgment standard of review, while Cedric avers that

the standard of review for a judgment on the pleadings is appropriate. The circuit court, in its order, did not delineate on what it relied in dismissing with prejudice Ms. Bennett's complaint. At the time of the circuit court's dismissal, two motions by Cedric were pending: his renewed motion for summary judgment, which was filed at the direction of the circuit court, and his motion for judgment on the pleadings. Attached to the latter were exhibits, one of which was the affidavit of service filed by Ms. Bennett after service on Cedric.

We have observed that motions for judgments on the pleadings are not favored by the courts. *See Landsnpulaski, LLC v. Arkansas Dep't of Correction*, 372 Ark. 40, 269 S.W.3d 793 (2007). If, on a motion for judgment on the pleadings, matters outside of the pleadings are presented to and not excluded by the circuit court, the motion shall be treated as one for summary judgment. *See* Ark. R. Civ. P. 12(c) (2007).

Here, the affidavits of service on both Dorothy and Cedric were at issue, and the circuit court did not specifically exclude them. While Cedric maintains that the affidavits are pleadings, we disagree. We have held that a motion is not a pleading and have suggested that the term "pleadings," as used in Ark. R. Civ. P. 12, encompasses only the complaint and answer and any counterclaim and answer. *See Estate of Hastings v. Planters & Stockmen Bank*, 307 Ark. 34, 818 S.W.2d 239 (1991). With that in mind, we treat the circuit court's order as one for summary judgment and use the appropriate standard of review.

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See Wagner v. General Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See Pakay v. Davis*, 367 Ark. 421, 241 S.W.3d 257 (2006). On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *See id.*

Here, Ms. Bennett claims that the circuit court erred in dismissing her complaint against Cedric where her amended and substituted complaint related back to her original complaint, which was filed within the statute of limitations. She relies on Ark. R. Civ. P. 15(c), which provides:

> (c) *Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Ark. R. Civ. P. 15(c) (2007).

We have held that the purpose of Rule 15(c) is to avoid the dismissal of an amendment on technical grounds if the defendant received notice of the litigation within the time provided for by the rule. *See, e.g., Ray & Sons Masonry Contractors, Inc v. United States Fidelity & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). We have further held that in order for a party to avail herself of Rule 15(c)'s relation-back provision, the facts must show four things:

> (1) that the claim must have arisen out of the conduct set forth in the original pleadings; (2) the party to be brought in must have such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) the party must have known, or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been filled within 120 days of the filing of the original complaint.

*Stephens v. Petrino*, 350 Ark. 268, 277, 86 S.W.3d 836, 841 (2002) (emphasis in original omitted).

Here, Ms. Bennett concedes that her action can only be maintained against Cedric if her amended complaint adding him as a defendant relates back to the date of the original complaint filed against Dorothy. A review of the complaint and the amended and substituted complaint reveals that the first requirement for Rule 15(c)'s application has been met. The amended and substituted complaint adding Cedric as a defendant asserted claims that clearly arose from the same accident set forth in the original complaint. Thus, we turn to whether the second requirement was met.

With respect to the notice requirement, Ms. Bennett urges that Cedric received notice of the institution of the action when his mother, Dorothy, was served, due to the fact that they resided together. In her response to Cedric's motion for judgment on the pleadings, Ms. Bennett asserted that service was made on Dorothy by delivering a copy of the complaint "to Derrick Spaight, at their residence, in Scott, Arkansas." She claimed that the service was "good service not only as to Dorothy Spaight but gave notice to Derrick or Cedric Spaight that this was a Complaint that was filed."

While Ms. Bennett cites to several cases from other jurisdictions on the issue of notice and the relation-back doctrine, she cites to but does not discuss this court's decision in *Southwestern Bell Telephone Co. v. Blastech, Inc.*, 313 Ark. 202, 852 S.W.2d 813 (1993), in which we specifically addressed the notice requirement. In *Blastech*, Southwestern Bell mistakenly sued "Blastech, Inc." instead of "Blastech Drilling, Inc." for negligently cutting a telephone cable. The circuit court had dismissed Southwestern Bell's complaint because the statute of limitations had run before Blastech Drilling was added as a defendant. We reversed and remanded, finding that Southwestern Bell's amended complaint related back to its original complaint, which was within the statute of limitations.

In *Blastech*, we held that the first requirement, that of the same conduct, was clearly met. We then turned to the requirement of notice and observed that Southwestern Bell, over objection, introduced the deposition of Adrian Blood, to show Blastech Drilling had notice sufficient to preclude unfair prejudice. In his deposition, Mr. Blood stated that he was the president and majority shareholder of both Blastech and Blastech Drilling and further indicated that he knew Blastech Drilling performed the allegedly negligent conduct, which gave rise to the lawsuit. We noted that there was no dispute that Mr. Blood was the agent for service of

process for both corporations and that Southwestern Bell had introduced the subcontract that formed the basis of the lawsuit and was signed by Mr. Blood on behalf of Blastech Drilling. After specifically holding that the deposition was a part of the record before the court, we held that "Mr. Blood's deposition testimony was compelling evidence that Blastech Drilling had notice of the suit when it was filed." 313 Ark. at 206, 852 S.W.2d at 815.

Instead of *Blastech*, Ms. Bennett's relies on the court of appeals' decision in *Bell v. Jefferson Hospital Ass'n, Inc.*, 96 Ark. App. 283, 241 S.W.3d 276 (2006). However, her reliance is misplaced. In *Bell*, Dr. Bell brought suit against Jefferson Regional Medical Center Development, Inc. (JRMCD), for damages resulting from a slip-and-fall accident at Jefferson Regional Medical Center. After service was made on Robert P. Atkinson, agent for service of process for JRMCD, JRMCD filed its answer and, later, a motion to dismiss, asserting that it was not a proper party as it did not and had not owned or operated the hospital as alleged in Dr. Bell's complaint. Dr. Bell then amended her complaint, naming Jefferson Hospital Association (JHA) as the proper party. Mr. Atkinson was then served, as agent for service of process for JHA. JHA answered the complaint and relied on the statute of limitations as a complete bar to Dr. Bell's claim. JHA moved to dismiss on that basis, and the circuit court granted its motion.

On appeal, Dr. Bell argued that her amended complaint related back to her original complaint, which was within the applicable limitations period. The court of appeals agreed and held that the requirements for relation back were met. Combining the second and third requirements, the court of appeals held that although the amended complaint was filed after the statute of limitations expired, "it served as timely notice to JHA because it was served on JHA within 120 days as required by Rule 15(c)." 96 Ark. App. at 287, 241 S.W.3d at 278. Here, *Bell* is inapposite, as Ms. Bennett's amended and substituted complaint could not have served as notice where it was not even filed, and therefore not served, within the 120-day period.

Here, there was simply no evidence that Cedric had notice of the suit within the required time frame.[4] Instead, Ms. Bennett asks us to infer from the facts, or assume, that because Dorothy and Cedric resided together as mother and son, he had

---

[4] Here, the 120th day for service was May 3, 2006.

either actual or constructive notice of the action within the 120-day period. That we will not do. As we have previously held, for Ms. Bennett to avail herself of the provisions of Rule 15(c), *the facts must show* that Cedric had such notice that he would not be prejudiced in defending against the suit. They do not. We simply cannot presume that because two persons live together or may be related that one's knowledge of an action has been conveyed in some fashion to the other. Because the notice requirement was not met, Ms. Bennett was unable to avail herself of Rule 15(c)'s relation-back doctrine, and the circuit court did not err in dismissing her complaint.[5] Accordingly, we affirm.

Affirmed.

---

[5] Because we hold that the second requirement was not met, we do not address the remaining requirements of the relation-back doctrine.