Cite as 2020 Ark. App. 488

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-19-958

| | |
|---|---|
| BETTY FREEMAN<br><br>APPELLANT<br><br>V.<br><br>CONWAY REGIONAL MEDICAL CENTER, JOHN/JANE DOE RN 1–4, JOHN/JANE DOE LPN AND CNA 1–4, AND JOHN DOE DIRECT ACTION INSURANCE CARRIER<br><br>APPELLEES | **Opinion Delivered:** October 28, 2020<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CV-18-615]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

This is a medical-malpractice case arising out of the care and treatment provided to appellant Betty Freeman. Freeman appeals from two orders dismissing her complaint against appellees Conway Regional Medical Center; Laura Grider, RN; and Lathecia Greenlee, LPN. For reversal, Freeman argues that the circuit court erred in granting summary judgment to Grider and Greenlee on the basis that her claim was barred by the statute of limitations. We affirm.

On April 25, 2016, Betty Freeman fell in the shower while hospitalized at Conway Regional Medical Center (CRMC), causing injuries to her back, neck, head, and legs. Freeman filed a negligence action on April 24, 2018, naming CRMC as a defendant along with "John/Jane Doe RN 1–5. John/Jane Doe LPN and CNA 1– and John Doe Direct Action Insurance Carrier." In regard to the John/Jane Doe RN, LPN, and CNA defendants,

Freeman alleged that their actual identity was unknown to her but would be determined during the discovery process. Freeman's counsel filed an affidavit with the complaint pursuant to Arkansas Code Annotated section 16-56-125 (Repl. 2005) stating that the identity of the John Doe tortfeasors was unknown. The facts alleged included the following: (1) Freeman was transported by ambulance on April 24, 2016, to CRMC after experiencing dizziness at her home; (2) the emergency medical technicians reported Freeman was suffering from weakness, slurred speech, and facial droop and was suspected of having had a stroke; (3) she was admitted to the hospital, and a sign was placed outside her door that she was to be assisted in standing and with bathroom needs; (4) on April 25 she made a request to nursing staff to take a shower; (5) an "unknown member of the staff presumed by [Freeman] and her husband to be a nurse" assisted her out of bed and into the shower and then left her unattended and exited her hospital room not to return; and (6) Freeman suddenly fell in the shower, causing injuries. The complaint further alleged that the "RN's, LPN's, and CNA's" failed to use ordinary care to prevent the fall of a patient who was known to be incapable of standing or walking without assistance, that they owed her a duty to follow the medical directives and protocols related to a patient at risk for falling or unable to walk, and that their failure to exercise ordinary care when she was taken to the shower constituted negligence and was the sole and proximate cause of her injuries. Freeman also alleged that the "RN's, LPN's, and CNA's" were employees of CRMC such that their acts or omissions are imputed to CRMC under the doctrine of respondeat superior.

Freeman filed an amended complaint on August 17, 2018, substituting "Laura Grider, RN" for "Jane Doe 1, RN" and "Lathecia Greenlee, CNA" for "Jane Doe 1,

CNA." Freeman alleged that Grider and Greenlee were members of her patient-treatment team at the time of the incident. Grider and Greenlee filed an answer on August 27, 2018, followed by a motion to dismiss on the ground that Freeman's complaint was barred by the statute of limitations. Specifically, Grider and Greenlee argued that because the alleged facts occurred on April 25, 2016, and Freeman named them for the first time in the August 17, 2018, complaint, her complaint was beyond the two-year statute of limitations set out in Arkansas Code Annotated section 16-114-203 (Repl. 2016) for medical–malpractice actions and should be dismissed.

In response, Freeman contended that prior to filing her complaint, she was unable to identify the names of the nurses and CNAs who treated her on April 25 based on a review of her medical records. She argued the identity of Grider and Greenlee was unknown to her "because their names were not located in, nor could their names be identified" in her medical records. She stated that she did not learn of their identity until CRMC provided discovery responses on August 14, 2018, which prompted the August 17 amended complaint substituting Grider and Greenlee for two of the Jane/John Doe defendants. Freeman attached CRMC's discovery responses as exhibit A; interrogatory No. 12 provided that Laura Grider was the RN on duty, and Lathecia Greenlee was the aide on duty when Freeman was taken to the shower. As such, Freeman argued that the complaint complied with the John Doe statute as well as the requirements of Rule 15(c) of the Arkansas Rules of Civil Procedure addressing the relation back of amendments.

Greenlee and Grider replied that Freeman knew or should have known at the time she filed her original complaint that they provided care to her on April 25, and thus the

John Doe statute and Rule 15(c) are inapplicable. Specifically, they argued that the medical records "clearly and specifically show" they cared for Freeman on that date, and they attached Freeman's medical records as an exhibit. They elaborated that the author of a note is identified by initials in the electronic medical record and stated that if there was ever a question as to the identity of a person whose initials appear in the record, the record also contains a "signature sheet or 'User Key' clearly informing the reader" who is identified by the initials. They stated that based on this fact, Freeman's argument that the "medical records did not contain the names" of Grider and Greenlee is without merit. Grider and Greenlee relied on *Stephens v. Petrino*, 350 Ark. 268, 86 S.W.3d 836 (2002).

Upon Freeman's request, a hearing on the motion to dismiss was held on July 31, 2019; however, Freeman's counsel failed to attend. The circuit court orally granted the motion and entered an order on August 5, 2019, dismissing the complaint against Grider and Greenlee with prejudice.[1] In granting the motion, the order indicated that the court had considered the separate defendants' motion, Freeman's response, and separate defendants' reply, along with the exhibits attached. Freeman filed a timely notice of appeal from that order on September 4, 2019.

On August 16, 2019, CRMC filed a motion for summary judgment on the basis that the dismissal with prejudice of Grider and Greenlee extinguished its liability in the case because Freeman's complaint against them was based on vicarious liability. On November

---

[1]After the order was entered, Freeman's counsel filed a motion for findings of fact and conclusions of law, which was denied. *See* Ark. R. Civ. P. 52(a) (providing in part that findings of fact and conclusions of law are unnecessary on decisions of motions under the rules).

6, the circuit court entered on order granting CRMC's motion for summary judgment and dismissing Freeman's complaint against CRMC with prejudice. Freeman filed a timely notice of appeal on November 20.

Although Grider and Greenlee's motion leading to the order at issue was styled as a motion to dismiss based on the expiration of the statute of limitations, the circuit court considered matters outside the pleadings. When matters outside the pleadings are presented and not excluded by the circuit court, a motion to dismiss will be treated as a motion for summary judgment. *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239. Here, the circuit court's order indicates it considered Grider and Greenlee's motion, Freeman's response, and the reply brief, along with the exhibits attached thereto. Both parties agree that the standard of review is one for summary judgment.

A motion for summary judgment should be granted when, in light of the pleadings and other documents before the circuit court, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56(c) (2019). When reviewing whether a motion for summary judgment should have been granted, this court determines whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Hill v. Hartness*, 2017 Ark. App. 664, at 4, 536 S.W.3d 649, 651. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.* Summary judgment is proper, however, when the statute of limitations bars an action. *Id.* (citing *Alexander v. Twin City Bank*, 322 Ark. 478,

910 S.W.2d 196 (1995); *IC Corp. v. Hoover Treated Wood Prods., Inc.*, 2011 Ark. App. 589, 385 S.W.3d. 880).

Arkansas Code Annotated section 16-56-125(a) provides: "For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown." In order for a party to avail itself of the John Doe statute, the party must also meet the requirements of Rule 15(c) of the Arkansas Rules of Civil Procedure. *See Harvill v. Cmty. Methodist Hosp. Ass'n*, 302 Ark. 39, 46, 786 S.W.2d 577, 581 (1990). Rule 15(c) provides:

> (c) *Relation Back of Amendments*. An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Below and on appeal, Grider and Greenlee cited *Stephens v. Petrino*, *supra*, in support of their argument that Freeman's action was barred by the statute of limitations. They suggest that "the situation in *Stephens* mirrors that presented in the present case" because their identity was known, and Freeman could not avail herself of the John Doe statute.

6

While we disagree that *Stephens* mirrors the situation in the present case, a determination of whether the John Doe statute applies is unnecessary because, even assuming it does, Freeman failed to meet the requirements of Rule 15(c).

The purpose of Rule 15(c) is to avoid the dismissal of an amendment on technical grounds if the defendant received notice of the litigation within the time provided for by the rule. *Bennett v. Spaight*, 372 Ark. 446, 453, 277 S.W.3d 182, 188 (2008). In order for a party to avail itself of Rule 15(c)'s relation-back provision, the facts must show four things: (1) the claim must have arisen out of the conduct set forth in the original pleadings; (2) the party to be brought in must have such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) the party must have known, or should have known, that but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within 120 days of the filing of the original complaint. *Id.*

There is no dispute that Freeman's claim against Grider and Greenlee arose out of the same conduct set forth in the original complaint. However, the parties have differing opinions on the remaining requirements. Freeman asserts that Grider and Greenlee had notice of the action from the time of the original filing because they were members of her treatment team acting within the course and scope of their employment with CRMC. She also points to the fact that as employees, CRMC provided for their legal defense. Based on these facts, Freeman argues that Grider and Greenlee received notice such that they are not prejudiced. Freeman also contends that Grider and Greenlee knew or should have known that their omission from the complaint was a mistake of identity as to the proper party.

Grider and Greenlee argue that Freeman's reasoning that they had notice of the lawsuit because they were on the treatment team would suggest that anyone who had contact with her at CRMC was on notice that they were intended defendants, whether or not they had actual notice. Additionally, they state that the failure to name them was not a "mistake of identity."

Neither side cites cases in support of their arguments; however, the facts and reasoning in *Bennett v. Spaight*, 372 Ark. 446, 277 S.W.3d 182, are instructive. There, Bennett filed a complaint against Dorothy Spaight, arising from a car accident in which her son, Cedric Spaight, was driving her car. Initially, Bennett filed the complaint solely against Dorothy. Bennett eventually filed an amended complaint naming both Dorothy and Cedric; however, Bennett later dismissed Dorothy. Cedric filed a motion for judgment on the pleadings alleging in part that the complaint was time-barred. Bennett responded that service to Dorothy at the family home gave notice to Cedric that the complaint had been filed. The circuit court granted the motion finding that Bennett failed to amend her complaint within the 120 days required for service. In affirming, the supreme court explained:

> Here, there was simply no evidence that Cedric had notice of the suit within the required time frame. Instead, Ms. Bennett asks us to infer from the facts, or assume, that because Dorothy and Cedric resided together as mother and son, he had either actual or constructive notice of the action within the 120-day period. That we will not do. As we have previously held, for Ms. Bennett to avail herself of the provisions of Rule 15(c), *the facts must show* that Cedric had such notice that he would not be prejudiced in defending against the suit. They do not. We simply cannot presume that because two persons live together or may be related that one's knowledge of an action has been conveyed in some fashion to the other. Because the notice requirement was not met, Ms. Bennett was unable to avail herself of Rule 15(c)'s relation-back doctrine, and the circuit court did not err in dismissing her complaint. Accordingly, we affirm.

*Bennett*, 372 Ark. at 455–56, 277 S.W.3d at 189–90 (footnotes omitted).

8

As in *Bennett*, the facts in this case fail to show that Grider and Greenlee had timely notice such that they would not be prejudiced in defending against the suit. The amended complaint, although filed within the 120 days required by the rule, was answered outside the 120 days, and there are no other facts indicating they had timely notice. In fact, the record contains only the return of summons for Greenlee, which indicates she was served in October 2018, well after the 120 days. Just as in *Bennett*, Freeman asks us to infer from the facts that Grider and Greenlee had notice because CRMC had notice. For Freeman to avail herself of the provisions of Rule 15(c), the facts must show that Grider and Greenlee had such notice that they would not be prejudiced in defending against the suit. Based on the reasoning in *Bennett*, we cannot presume that Grider and Greenlee had notice because their employer had notice. Therefore, we affirm the order dismissing Freeman's complaint against Grider and Greenlee.

Freeman also appealed the order granting summary judgment to CRMC; however, she has not pursued this argument in her brief outside of a conclusory statement. We do not address arguments that are not supported by convincing argument or authority. *Watkins v. Paragould Light & Water Comm'n*, 2016 Ark. App. 432, at 11, 504 S.W.3d 606, 613.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*McKissic & Associates, PLLC*, by: *Gene E. McKissic, Sr.*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Tyler D. Bone*, for appellees.