Josephine C. BELL, Ph.D. *v.*
JEFFERSON HOSPITAL ASSOCIATION, INC.

CA 06-249 241 S.W.3d 276

Court of Appeals of Arkansas
Opinion delivered October 11, 2006

*Porter Law Firm*, by: *Austin Porter, Jr.*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard III* and *Kynda Almefty-Hernandez*, for appellee.

JOHN B. ROBBINS, Judge. Appellant, Dr. Josephine C. Bell, appeals from an order dismissing her complaint against ap-

pellee Jefferson Hospital Association, Inc. (JHA). The trial court dismissed Dr. Bell's claim on the basis that it was barred by the three-year statute of limitations as set forth in Ark. Code Ann. § 16-56-105 (Repl. 2005). On appeal, Dr. Bell argues that the trial court erred by not allowing her amended complaint to relate back to the filing date of her original complaint, which was filed within the limitations period but mistakenly named the wrong party as the defendant. We agree, and we reverse and remand.

In Dr. Bell's original complaint filed on January 27, 2005, she brought suit against Jefferson Regional Medical Center Development, Inc. (JRMCD). The complaint alleged that, while visiting her husband at Jefferson Regional Medical Center on March 10, 2002, Dr. Bell slipped and fell on a recently waxed floor, causing a fracture to her shoulder. The complaint alleged that there were no warning signs to caution guests about the hazards of the floor, and sought damages for negligence.

On February 18, 2005, Robert P. Atkinson, agent for service of process for JRMCD, was served with the summons and complaint. On March 4, 2005, JRMCD filed its answer, and also submitted interrogatories and requests for production of documents. On March 30, 2005, JRMCD filed a motion to dismiss, asserting that it was not a proper party to the action because it does not and has not at any time owned or operated Jefferson Regional Medical Center as alleged in Dr. Bell's complaint. The motion to dismiss identified appellee JHA as the party that operates the hospital.

On April 4, 2005, Dr. Bell filed her amended complaint, which was virtually identical to the original complaint but named JHA as the proper party. On or about April 11, 2005, Mr. Atkinson, who is also the agent for service of process for JHA, was served with the summons and amended complaint. JHA filed its answer on April 20, 2005, relying on the statute of limitations as a complete bar to Dr. Bell's claim. On May 6, 2005, JHA filed a motion to dismiss on that basis, and after the submission of opposing trial briefs and a hearing, the trial court entered an order granting the motion on November 17, 2005.

Dr. Bell contends on appeal that the order of dismissal was erroneously entered because the amended complaint related back to the original filing date of January 27, 2005, which was within the applicable limitations period. In making this argument, Dr. Bell relies on Ark. R. Civ. P. 15(c), which provides:

*Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Dr. Bell asserts that, consistent with this rule, the amended complaint contains facts that arose out of the conduct, transaction, or occurrence as set forth in the original complaint. Dr. Bell further submits that, within the 120-day period set out in Rule 4(i), JHA received notice of the action and thus was not prejudiced in maintaining a defense on the merits. Finally, Dr. Bell argues that JHA knew that but for a mistake in identity, it would have been named in the original pleading as opposed to JRMCD.

■ We agree that the amended complaint related back to the filing date of the original complaint because each of the elements of Rule 15(c) were met. In order for a party to avail herself of Rule 15(c)'s relation-back provision, the facts must show four things: (1) that the claim must have arisen out of the conduct set forth in the original complaint; (2) the party to be brought in must have such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) the party must have known, or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been met within 120 days of the filing of the original complaint. *Stephens v. Petrino*, 350 Ark. 268, 86 S.W.3d 836 (2002); *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999). In the present case the first element was met because the allegations in the amended complaint were the same as in the original complaint. The remaining elements were satisfied

because JHA was served with the amended complaint on April 11, 2005, which was within 120 days of the filing of the original complaint on January 27, 2005.

 JHA argues in its brief that it had no notice of Dr. Bell's claim before the statute of limitations lapsed. It contends that, although Mr. Atkinson was the agent for service of process for both JRMCD and JHA, his receipt of the original complaint against JRMCD was not sufficient notice to JHA.[1] However, the inquiry is not whether JHA received notice before the limitations period expired; the inquiry is whether JHA had notice of the action and knew or should have known that it should have been named as the defendant *within 120 days of the filing of the original complaint.* Although the amended complaint was filed after the statute of limitations expired, it served as timely notice to JHA because it was served on JHA within 120 days as required by Rule 15(c). Rule 15(c) was revised to this extent by a 1993 amendment. Prior to the amendment, an amended complaint could not relate back if the notice to the defendant came outside of the applicable statute of limitations, but that is no longer the rule.

JHA also argues that, with reasonable diligence, Dr. Bell would have named the proper defendant in the original complaint, and that at any rate she had ample opportunity to make a timely amendment because in the answer filed by JRMCD, JRMCD denied that it owned or operated Jefferson Regional Medical Center. We cannot agree. In *Harvill v. Community Methodist Hospital Association,* 302 Ark. 39, 786 S.W.2d 577 (1990), our supreme court focused on whether the party made a deliberate strategical decision at the outset not to sue the party later added or whether the failure was caused by a mistake in identifying the proper defendant. Here, there was no evidence of any deliberate strategic decision on the part of Dr. Bell, and her mistake in naming Jefferson Regional Medical Center Development, Inc., as the defendant in the original complaint was understandable given that the alleged negligence occurred at Jefferson Regional Medical Center.

---

[1] Because Mr. Atkinson is the President and CEO of Jefferson Regional Medical Center, we think JHA was on notice of the lawsuit against it when he received the original complaint. Nevertheless, this fact was not before the trial court when it entered its order of dismissal, and thus we cannot consider it. JHA first brought this to the attention of the trial court in its motion for reconsideration, which was neither ruled on nor appealed from.

While JHA maintains that JRMCD denied being the operator of the hospital in its answer, we note that JRMCD generally and specifically denied in their entirety the following two paragraphs of the complaint:

> 2. The Defendant, Jefferson Regional Medical Center Development, Inc. (Hereinafter referred to as "JRMC") is a domestic corporation organized and existing under the laws of the State of Arkansas, authorized to do business in the State of Arkansas, engaged in the business of operating a medical hospital known as Jefferson Regional Medical Center, and operates and has offices and agents within the State of Arkansas.

> 3. The agent for service of process for JRMC is Robert P. Atkinson, 1515 West 42nd Street, Pine Bluff, Arkansas 71603.

Many of the allegations denied by JRMCD were in fact true, and it cannot be said that its answer put Dr. Bell on notice that she was suing the wrong party. This is particularly true in light of the fact that JRMCD raised the defense of comparative fault in its answer, and served interrogatories and requests for production of documents on Dr. Bell. It was not until March 30, 2005, when JRMCD filed its motion to dismiss, that Dr. Bell became aware that she sued the wrong party, and thereafter Dr. Bell promptly filed her amended complaint naming JHA as the defendant.

Finally, JHA asserts that it will be prejudiced if it is forced to defend Dr. Bell's untimely claim, citing the time that has elapsed and the possibility of faded memories and lost evidence. However, this argument fails because the amended complaint was served on JHA before the 120-day period to serve the original complaint expired. JHA is in no worse position than had it been properly named in the original complaint filed January 27, 2005, and then timely served on April 11, 2005.

In *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002), our supreme court made the following observations about the application of Rule 15:

> Rule 15 applies, for example, when an amendment permissibly changes the party against whom the claim is asserted or adds a party after the statute of limitations has run, and it may relate back to the time of filing of the original complaint. *Southwestern Bell Tel. Co. v. Blastech*, 313 Ark. 202, 852 S.W.2d 813 (1993). Rule 15 makes

liberal provision for amendments to pleadings and even allows a plaintiff to amend to add new claims arising out of the conduct alleged in the initial valid complaint. *Jim Halsey Co. v. Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985).

*Id.* at 204-05, 73 S.W.3d at 588. We hold that, under the facts of the present case, Rule 15(c) applies and thus that the trial court erred in dismissing appellant's complaint on the grounds that it was barred by the statute of limitations.

Reversed and remanded.

GLADWIN and BAKER, JJ., agree.