2012 Ark. App. 525

**Carolyn GLASS as the Administrator of the Estate of Bradley A. Beal, Deceased, Appellant**

v.

**SALINE COUNTY MEDICAL CENTER d/b/a Saline Memorial Hospital d/b/a Med Tran Ambulance Service, and Continental Casualty Insurance Co., Appellees.**

No. CA 12–17.

Court of Appeals of Arkansas.

Sept. 26, 2012.

Andrew L. Clark, Sr., Little Rock, for appellant.

Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., Little Rock, by: Michelle H. Cauley, Jason T. Browning, and Megan C. Gammill, for appellee.

JOHN B. ROBBINS, Judge.

This is a medical malpractice case. The parties involved in this appeal are appellant Carolyn Glass, administrator of the estate of Bradley A. Beal, and appellee Continental Casualty Insurance Company (Continental), the insurer of Saline County Medical Center (SCMC). Ms. Glass appeals from an amended order of dismissal with prejudice entered by the trial court on November 1, 2011, wherein the trial court denied her motion for default judgment against Continental and granted Continental's motion for summary judgment on the grounds that, as to Continen-

tal, the action was barred by the applicable two-year statute of limitations. *See* Ark. Code Ann. § 16–114–203 (Repl.2006).

On appeal, Ms. Glass argues that her motion for default judgment was erroneously denied because the trial court erred in concluding that SCMC's timely answer to her amended |₂complaint inured to the benefit of Continental, the defaulting party. Alternatively, Ms. Glass challenges the summary judgment granted to Continental, contending that although her amended complaint naming Continental as a defendant was filed more than two years after the cause of action accrued, the relation-back provisions of Ark. R. Civ. P. 15(c) defeated Continental's limitations defense. We affirm.

This litigation was initiated on August 2, 2010, when Ms. Glass filed a medical malpractice action against SCMC alleging that SCMC's ambulance service negligently caused the death of Mr. Beal, who died on January 1, 2009. Continental was not named as a defendant in the original complaint. SCMC filed a timely answer on August 23, 2010, denying the allegations in the complaint and asserting affirmative defenses that included charitable immunity and the statute of limitations.

On February 25, 2011, SCMC filed a motion for summary judgment based on charitable immunity. Ms. Glass filed a response to SCMC's summary-judgment motion on March 8, 2011, asking for more time to investigate SCMC's status before the trial court ruled on the motion. On March 10, 2011, Ms. Glass filed an amended and substituted complaint adding Continental as a defendant. SCMC timely answered the amended complaint on March 29, 2011, again denying the allegations and raising affirmative defenses that included charitable immunity and the statute of limitations.

On May 25, 2011, Ms. Glass filed a motion for default judgment against Continental on the grounds that Continental was served with the amended complaint but failed to file an answer within thirty days as required by Ark. R. Civ. P. 12(a)(1). On May 26, 2011, |₃Continental responded to the motion for default judgment, arguing that the March 29, 2011, answer filed by its codefendant SCMC inured to Continental's benefit. Also on May 26, 2011, Continental filed an answer to the amended complaint, asserting the statute of limitations as a bar to Ms. Glass's claims against it.

On June 24, 2011, Continental filed a motion for summary judgment based on the statute of limitations having expired two months before the amended complaint was filed. Ms. Glass responded to Continental's summary-judgment motion on August 1, 2011, arguing that her claim against Continental was not time-barred because her amended complaint related back to the filing of her original complaint pursuant to Rule 15(c).

Ms. Glass also filed a motion to strike Continental's answer and for default judgment on July 27, 2011. Continental responded to that motion on August 9, 2011, again arguing that default was improper because SCMC's answer to the amended complaint inured to its benefit. Continental asserted that SCMC had generally and specifically denied all of Ms. Glass's claims and raised affirmative defenses, all to the benefit of Continental under the common-defense doctrine.

A hearing was held on the pending motions on August 19, 2011. At the hearing Ms. Glass conceded that SCMC is a charitable organization immune from suit. However, Ms. Glass continued to argue for a default judgment against Continental, asserting that the defense of the statute of limitations was not common to both defen-

dants (being that it was not available to SCMC), and that SCMC's answer to the amended complaint did not inure to the benefit of Continental. Ms. Glass also resisted Continental's summary-judgment motion, again relying on the provisions of Rule 15(c) and asserting that her claims against Continental were not time-barred.

On September 23, 2011, the trial court granted SCMC's summary-judgment motion based upon charitable immunity and entered an order dismissing the claims against SCMC with prejudice.[1] On September 27, 2011, the trial court entered an order of dismissal with prejudice in favor of Continental, wherein the trial court (1) denied Ms. Glass's motion for default judgment, (2) denied Ms. Glass's motion to strike answer and for default judgment, and (3) granted Continental's motion for summary judgment. The trial court entered an amended order of dismissal with prejudice in favor of Continental on November 1, 2011, making the same rulings contained in the original order. In the amended order, the trial court specifically found that under the common-defense doctrine Continental was not in default, and that Continental was entitled to summary judgment because the statute of limitations had expired.

■ Ms. Glass's first argument on appeal from the November 1, 2011, amended order of dismissal is directed toward the trial court's denial of her motion for default judgment against Continental. Ms. Glass contends that the trial court erred in finding that SCMC's answer to her amended complaint inured to the benefit of Continental under the common-defense doctrine, and that because Continental failed to file a timely answer a default judgment should have been entered.

■ Arkansas has long recognized the common-defense doctrine, which provides that the answer of one defendant inures to the benefit of the other codefendants. *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). The test for determining whether the common-defense doctrine applies is whether the answer of the nondefaulting defendant states a defense that is common to both defendants, because then a successful plea operates as a discharge to all the defendants, but it is otherwise where the plea goes to the personal discharge of the party interposing it. *Richardson v. Rodgers*, 334 Ark. 606, 976 S.W.2d 941 (1998). In other words, the doctrine is applicable where the asserted defense would discharge all of the defendants. *Davenport, supra.*

In the present case, SCMC's timely answer to the amended complaint raised the statute of limitations as one of its affirmative defenses. However, Ms. Glass notes that no facts were pled to support the defense, and asserts that because the original complaint naming SCMC as a defendant was brought within two years, the statute of limitations defense was not available to SCMC and it could not have prevailed on that issue. Ms. Glass submits that the statute of limitations defense goes solely to the personal discharge of Continental, and not SCMC. Because this defense was personal to Continental and not common to both defendants, Ms. Glass argues that the common-defense doctrine is inapplicable.

■ The standard by which we review the granting or denying of a default judgment is whether the trial court abused its discretion. *Wildlife Farms II, LLC v. Robinson*, 2011 Ark. App. 140, 378 S.W.3d 824. Under the circumstances presented in this case, we hold that the trial court

---

1. Ms. Glass does not appeal the order grant- ing summary judgment to SCMC.

committed no abuse of discretion in denying Ms. Glass's motion for default judgment because, as determined by the trial court, SCMC's answer to the amended complaint inured to Continental's benefit under the common-defense doctrine.

In this case SCMC's answer denied that any of its actions constituted negligence, denied that it proximately caused Mr. Beal's death, and generally denied every other material allegation in the amended complaint. In *Sutter v. Payne*, 337 Ark. 330, 989 S.W.2d 887 (1999), our supreme court held that a general denial of each and every material allegation contained in the complaint is the assertion of a common defense. The effect of SCMC's answer was to deny any negligence or the existence of a cause of action, which were defenses common to both SCMC and Continental. More importantly, SCMC raised numerous affirmative defenses, including the statute of limitations. Although this defense did not ultimately serve to dismiss SCMC from the action, the defense was raised and it was common to Continental. SCMC's answer and its statute of limitations defense inured to Continental's benefit, and Continental subsequently filed its own answer more specifically asserting that defense. We conclude that there was no error by the trial court in applying the common-defense doctrine and thereby not finding Continental in default.

■ Ms. Glass's remaining argument is that the trial court erred in granting summary judgment to Continental because of the relation-back provisions of Rule 15(c). That rule provides:

(c) *Relation Back of Amendments.* An amendment of a pleading relates back to the date of the original pleading when:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In *Crowder v. Gordons Transps., Inc.*, 387 F.2d 413, 418 (8th Cir.1967), the Eighth Circuit Court of Appeals stated that Rule 15(c) was designed for relation back "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." In the present case, Ms. Glass submits that she made an understandable mistake in not naming Continental as a defendant in the original complaint because she was unaware of the direct-action statute, Ark.Code Ann. § 23–79–210 (Supp.2011), and did not realize that Continental was a proper party until after the limitations period had run. Arkansas Code Annotated section 23–79–210 provides that plaintiffs alleging injury against an organization not subject to suit for tort (such as a charitable organization) have a direct cause of action against the organization's insurer.

In support of her argument, Ms. Glass relies on our decision in *Bell v. Jefferson Hospital Ass'n, Inc.*, 96 Ark.App. 283, 241 S.W.3d 276 (2006). In that case, the appellant's original complaint was filed within the limitations period, but it mistakenly named Jefferson Regional Medical Center

Development, Inc., as the defendant. Appellant later amended her complaint and named the proper defendant, Jefferson Hospital Association, Inc., but the trial court dismissed the claim on the basis that the amended complaint was filed after the statute of ₈limitations expired. We reversed, holding that Rule 15(c) applied and that the trial court erred in finding appellant's complaint to be barred by the statute of limitations. We wrote:

> In *Harvill v. Community Methodist Hospital Association*, 302 Ark. 39, 786 S.W.2d 577 (1990), our supreme court focused on whether the party made a deliberate strategical decision at the outset not to sue the party later added or whether the failure was caused by a mistake in identifying the proper defendant. Here, there was no evidence of any deliberate strategic decision on the part of Dr. Bell, and her mistake in naming Jefferson Regional Medical Center Development, Inc., as the defendant in the original complaint was understandable given that the alleged negligence occurred at Jefferson Regional Medical Center.

*Bell*, 96 Ark.App. at 287, 241 S.W.3d at 278.

Ms. Glass argues that, as in *Bell, supra*, there was no deliberate strategic decision not to sue the party later added, but rather an understandable mistake. Therefore, she asserts that Rule 15(c) applies and that her action against Continental was not barred by the statute of limitations.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Smith v. Rogers Grp., Inc.*, 348 Ark. 241, 72 S.W.3d 450 (2002). We hold under these facts that summary judgment was properly granted to Continental on the basis that

the relation-back provisions of Rule 15(c) did not apply, and thus appellant's claims against Continental were barred by the statute of limitations.

In order for Ms. Glass to avail herself of Rule 15(c)'s relation-back provision, the facts must show four things: (1) that the claim must have arisen out of the conduct set forth in the original pleading; (2) Continental must have received such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) Continental ₉must have known, or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been met within 120 days of August 2, 2010, when the original complaint was filed. It is the third requirement that has not been established in this case.

Ms. Glass must show that Continental knew that its omission from the complaint was a mistake of identity as to the proper party. In this case, Ms. Glass acknowledged at the hearing that she knew there was an insurance carrier "from day one," and her failure to name Continental in the original complaint was not because she did not have the identity of the insurance company. Her only excuse was ignorance of the direct-action statute. But for this mistake as to the law, Continental could have been timely sued. Continental had no reason to believe that Ms. Glass was mistaken as to its identity as SCMC's insurance company, and Rule 15(c) speaks in terms of a mistake concerning the identity of the proper party. Ms. Glass's error in failing to name Continental in the original complaint was purely due to a misunderstanding of the law, and on these facts we conclude that Rule 15(c) does not apply.

Therefore, we affirm the summary judgment entered in favor of Continental.

Affirmed.

PITTMAN and GLADWIN, JJ., agree.