N. MARK KLAPPENBACH, Judge
Appellant Lisa E. Law appeals from the order of the Benton County Circuit Court granting summary judgment to appellee Wal-Mart Stores, Inc., on the basis that it was not the proper defendant. Law argues that the circuit court's order should be reversed because Wal-Mart Stores, Inc., should not be permitted to escape liability based on the confusion it created. We affirm.
On September 9, 2016, Law filed suit against Wal-Mart Stores, Inc., for negligence arising out of a slip and fall that occurred at Wal-Mart Store # 100 in Bentonville, Arkansas, on September 11, 2013. Wal-Mart Stores, Inc., answered the complaint on September 29, 2016, and affirmatively asserted that it was an improper *173 party and should be dismissed from the case. It stated that Wal-Mart Stores Arkansas, LLC, operated the relevant store and was the proper defendant to Law's suit. In May 2017, Wal-Mart Stores, Inc., filed a motion for summary judgment alleging, in part, that because it neither owned nor operated the store at which the alleged incident occurred it owed no duty of care to Law and was not a proper party to the case. It attached to the motion the affidavit of Billy A. Glass, who was employed by Wal-Mart Stores, Inc., as "Senior Manager II, Real Estate & Portfolio Management." Glass averred that Store # 100 was operated by Wal-Mart Stores Arkansas, LLC, that the real estate on which the store was situated was owned by Wal-Mart Real Estate Business Trust, and that both of these entities were wholly owned subsidiaries of Wal-Mart Stores, Inc. In response, Law argued that the defendant should not be allowed to defeat actions against its stores by setting up wholly owned subsidiaries. She attached printouts from the Secretary of State's website, arguing that because Store # 100 was not listed among the fictitious names for Wal-Mart Stores Arkansas, LLC, there was a question of fact precluding summary judgment. Wal-Mart Stores, Inc., reiterated in reply that it had identified the proper defendant for Law in its answer. Following a hearing, the circuit court granted summary judgment to Wal-Mart Stores, Inc., based on Law's failure to name the correct party.
Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. Washington Cty. v. Bd. of Trs. of the Univ. of Ark. , 2016 Ark. 34, 480 S.W.3d 173. In a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. Id. As to issues of law presented, our review is de novo. Id.
Law argues that the purpose of fictitious-name registration is to provide notice of the real party in interest, but here, she did not have such notice because both the parent company and its wholly owned subsidiary registered the same fictitious name. The exhibits attached to Law's response to the motion for summary judgment show that "Wal-Mart" is listed as one of several fictitious names for Wal-Mart Stores, Inc., and "Walmart" is listed as a fictitious name for Wal-Mart Stores Arkansas, LLC. She notes that Store # 100 was not registered as a fictitious name for either entity but other numbered stores were. Law contends that the companies should not be permitted to escape liability based on the confusion they create. She asserts that this is an issue of first impression in Arkansas and directs us to a federal district court case from Minnesota in which the court denied the defendant's motion to dismiss alleging that one of its wholly owned subsidiaries was the proper defendant in the case. Medica Self-Insured v. Tenet Healthcare Corp. , Civil No. 06-4747, 2007 WL 1385589 (D. Minn. May 4, 2007). In addition to not being binding precedent, however, we note that the decision in that case was based not on confusion but on the plaintiffs' contention that they had, in fact, sued a proper party.
Wal-Mart Stores, Inc., argues that summary judgment was appropriate because, as neither the owner nor operator of the store, it owed no duty of care to Law. It argues that the similar fictitious names in no way precluded Law from naming the proper defendant, that it did nothing to hide the identity of the correct defendant, and that Law made no attempt to amend her complaint after being informed of the correct defendant.
Arkansas Rule of Civil Procedure 15 allows for an amendment changing the *174 party against whom a claim is asserted to relate back to the date of the original complaint when certain requirements are met. In order for a party to avail himself or herself of Rule 15(c)'s relation-back provision, the facts must show four things: (1) the claim must have arisen out of the conduct set forth in the original complaint; (2) the party to be brought in must have such notice of the institution of the action that it would not be prejudiced in maintaining a defense on the merits; (3) the party must have known, or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it; and (4) the second and third requirements must have been met within 120 days of the filing of the original complaint. Bell v. Jefferson Hosp. Ass'n, Inc. , 96 Ark. App. 283, 241 S.W.3d 276 (2006).
In Bell , the plaintiff filed her original complaint against Jefferson Regional Medical Center Development, Inc., which subsequently moved to dismiss because it neither owned nor operated the hospital where the slip and fall occurred. The motion to dismiss identified the party that operated the hospital. Although the statute of limitations had run, the plaintiff amended her complaint to name the proper party. This court held that the amended complaint related back to the filing date of the original complaint because the allegations in the amended complaint were the same as in the original complaint and the proper defendant was served with the amended complaint within 120 days of the filing of the original complaint.
Law filed her complaint on September 9, 2016, and thus had 120 days from that date to achieve the proper notice on Wal-Mart Stores Arkansas, LLC. Although the statute of limitations had expired by the time Wal-Mart Stores, Inc., filed its answer on September 29, 2016, asserting that it was not the correct party, there was still time to achieve the proper notice on Wal-Mart Stores Arkansas, LLC, in the event that such notice had not already occurred. Law contends in her reply brief that an attempt at amending a complaint is not guaranteed to be successful, but she fails to offer any reason for not making such an attempt or to identify any obstacles to a successful amendment here. As Law notes, both entities had the same registered agent for service of process, whom she had successfully served with the original complaint shortly after its filing.
In allowing the relation-back in Bell , we noted that the plaintiff's mistake in naming the defendant in the original complaint was understandable. Law's mistake may also have been understandable given the fictitious-name registrations, although had both entities been discovered she could have named both as defendants. Nevertheless, her failure to act upon being informed of the proper defendant is not understandable. Wal-Mart Stores, Inc., did nothing to enhance a belief by Law that she had sued the proper party; instead, it informed Law of the proper party in its first pleading. See Rickenbacker v. Wal-Mart Stores, Inc. , 302 Ark. 119, 788 S.W.2d 474 (1990). Under these circumstances we cannot say that Wal-Mart Stores, Inc., was taking advantage of any confusion created by the similar fictitious names.
Because Law has not rebutted the proof offered by Wal-Mart Stores, Inc., showing that it owed no duty of care to her, we hold that it was not the proper party to sue and that summary judgment was appropriate.
Affirmed.
Vaught and Murphy, JJ., agree.