Cite as 2025 Ark. App. 277

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-31

|  |  |
|---|---|
| RISIE HOWARD, SPECIAL ADMINISTRATRIX FOR THE ESTATE OF MRS. GEORGE HOWARD, JR. (VIVIAN)<br><br>APPELLANT | Opinion Delivered April 30, 2025<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-21-667] |
| V. | HONORABLE PHILLIP T. WHITEAKER, JUDGE |
| JEFFERSON REGIONAL MEDICAL CENTER AND CONTINENTAL CASUALTY COMPANY<br><br>APPELLEES | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Risie Howard, special administratrix for the estate of Mrs. George Howard, Jr. ("Estate"), appeals from an order of the Jefferson County Circuit Court dismissing with prejudice Estate's medical-malpractice and wrongful-death action against Continental Casualty Company ("CCC") as the insurer of Jefferson Regional Medical Center ("JRMC"). Estate contends that the circuit court erred in granting CCC's motion to dismiss for failure to state a claim against it when the tortfeasor is a nonprofit hospital, and the direct-action rule, Arkansas Code Annotated section 23-79-210,[1] applies. Estate also argues that the circuit court erred in granting CCC's motion to

---

[1]Section 23-79-210 (Repl. 2014) states as follows:

(a)(1) When liability insurance is carried by any cooperative nonprofit corporation, association, or organization, or by any municipality, agency, or subdivision of a

dismiss under Arkansas Code Annotated section 16-56-125[2] for lack of a John Doe affidavit,

when no extension of the statute of limitations was necessary.  We affirm.

---

municipality, or of the state, or by any improvement district or school district, or by any other organization or association of any kind or character and not subject to suit for tort, and if any person, firm, or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of the organization, association, municipality, or subdivision, its servants, agents, or employees acting within the scope of their employment or agency, then the person, firm, or corporation so injured or damaged shall have a direct cause of action against the insurer with which the liability insurance is carried to the extent of the amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy.

(2) Any self-insurance fund, pooled liability fund, or similar fund maintained by a medical care provider for the payment or indemnification of the medical care provider's liabilities for medical injuries under § 16-114-201 et seq. shall be deemed to be liability insurance susceptible to direct action under this section.

(3) The insurer shall be directly liable to the injured person, firm, or corporation for damages to the extent of the coverage in the liability insurance policy, and the plaintiff may proceed directly against the insurer regardless of the fact that the actual tortfeasor may not be sued under the laws of the state.

[2]Section 16-56-125 (Repl. 2005) states as follows:

(a) For the purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.

(b)(1) The name of the unknown tortfeasor shall be designated by the pseudo-name John Doe or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc.

(2) Upon determining the identity of the tortfeasor, the complaint shall be amended by substituting the real name for the pseudo-name.

(c) It shall be necessary for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply.

Estate filed its complaint against JRMC, "Doe Insurance Company," and several doctors on October 18, 2021. According to the complaint, Vivian Howard presented to JRMC on October 15, 2019, and subsequently died five days later, on October 20, from bronchopneumonia. The complaint alleged that JRMC failed to provide qualified staff to adequately diagnose and treat bronchopneumonia and failed to take adequate measures to make sure the physicians who were allowed hospital privileges were competent and qualified to practice medicine. A summons was issued to JRMC and its doe insurance company on December 28. Service was perfected on JRMC on January 3, 2022. JRMC filed an answer on January 31 denying the material allegations of Estate's complaint. A summons was issued to CCC on February 3. Evidence shows that CCC was served on February 10. Estate filed a motion for an extension of time for service of process on February 11, stating that JRMC and CCC had been properly served but that more time was needed to serve the medical doctors against whom medical malpractice had been alleged. The circuit court granted Estate's motion to extend the service time on February 16.

CCC filed a motion to dismiss and an accompanying brief on March 10, alleging that it was an unnamed, but served, entity. It contended that it was not a named party or otherwise mentioned in Estate's complaint and that Estate failed to follow the requisites imposed by Arkansas Code Annotated section 16-56-125. CCC asked that it be dismissed from the action pursuant to Arkansas Rules of Civil Procedure 12(b)(4) (insufficient process), 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state facts upon which relief can be granted). Estate filed an amended complaint the same day, substituting Doe Insurance

Company with CCC.[3]  Estate filed a response to the motion to dismiss on March 18, contending

that the amended pleadings related back to the original pleading under Arkansas Rule of Civil

Procedure 15(c).[4]  Estate argued that the motion should be denied because CCC would not be

prejudiced in maintaining a defense on the merits, and it knew or should have known that, but

for a mistake concerning the identity of the proper party, the action would have been brought

against it.  Estate also contended that it stated facts upon which relief could be granted and

maintained that process and service of process were sufficient.  CCC filed a memorandum reply

on March 25, arguing that the statute of limitations had run long before it was named as a

defendant, and Estate's failure to file a supporting John Doe affidavit with the original complaint

was its fatal flaw.  CCC argued that it would be prejudiced if it were brought into a lawsuit in

which it was never properly named or properly served and when it was identified as a party only

---

[3]The summons and amended compliant were served on CCC on March 31.

[4]Rule 15(c) provides:

(c) *Relation Back of Amendments*. An amendment of a pleading relates back to the date of the original pleading when:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided for by Rule 4(i) for service of the summons and complaint, the party being brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

4

after the statute of limitations had run.  JRMC answered the amended complaint on March 28, denying the material allegations.

CCC filed a motion to dismiss the amended complaint and a supporting brief on March 28, stating the same reasons as those stated in its first motion to dismiss.  CCC also contended that the amended complaint should be dismissed as time-barred.  Estate filed a sur-reply contending that CCC was not entitled to dismissal because CCC was served within 120 days of the original complaint and had actual notice of proceedings; Rule 15 was applicable to the amended complaint, and a John Doe affidavit was not needed to toll the statute of limitations; and CCC was specifically named in the summons, and Estate was granted an extension of time to serve defendants.  Estate filed a response on April 5, stating that CCC was served by mail on February 9 and in person on February 10, more than a week before the 120-day deadline under Rule 4, and was fully named in the summons; neither the original nor the amended complaints are time-barred; only the summons require strict compliance; the circuit court extended the time for service, and the amended complaint and summons were again served on CCC on March 31; no John Doe affidavit was necessary because no tolling of the statute of limitations was necessary; and even if the above were not true, the case should not be dismissed because there was substantial compliance.  CCC filed a memorandum reply on April 12, reiterating that the circuit court should dismiss CCC from the action with prejudice.[5]  Estate filed a sur-reply and memorandum on April 18, asking the circuit court to deny CCC's motion to dismiss.

---

[5]Estate filed a motion to strike on April 15, which was subsequently denied by the circuit court.

A hearing took place on September 14, 2023. The circuit court took the matter under advisement. The circuit court filed an order on September 29 granting CCC's motion to dismiss Estate's original complaint. The order stated that the original complaint did not comply with section 16-56-125 and could not benefit from the tolling of the statute of limitations because it did not include a John Doe affidavit, which is required by the statute. The circuit court noted, and disagreed with, Estate's argument that service and compliance with Rule 15(c) cured any failure to comply with section 16-56-125. It found that in an unknown-tortfeasor cause of action, a party must meet the requirements of both section 16-56-125 and Rule 15(c). The circuit court also granted CCC's motion to dismiss for failure to state facts upon which relief could be granted. Specifically, it found that the original complaint made no mention of CCC and failed to make any allegation against any insurance company, including CCC. The circuit court found that Estate's motion to strike and CCC's motion to dismiss the amended complaint were moot.[6] Estate filed its notice of appeal on October 26. This appeal followed.

The standard of review for granting a motion to dismiss is whether the circuit court abused its discretion.[7] An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration.[8] In reviewing the circuit court's decision on a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6), we treat the facts alleged in

---

[6]Estate filed a motion for reconsideration on October 9; however, the circuit court never ruled on the motion, and Estate did not amend its notice of appeal to include the deemed denial of that motion.

[7]*Muntaqim v. Payne*, 2021 Ark. 162, 628 S.W.3d 629.

[8]*Id.*

6

the operative complaint as true and view them in the light most favorable to the party who filed the complaint.[9] In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed.[10] However, under our fact-pleading requirement, a complaint must state facts, not mere conclusions, to entitle the pleader to relief.[11]

Estate contends that the circuit court erred in granting CCC's motion to dismiss for failure to state a claim against it when the tortfeasor is a nonprofit hospital, and the direct-action rule, Arkansas Code Annotated section 23-79-210, applies. Estate argues that the language found in the first two paragraphs of the complaint and amended complaints brings its action under section 27-79-210. However, Estate did not mention the statute until its motion for reconsideration, which was deemed denied thirty days later. Estate did not amend its notice of appeal to include the deemed denial of the motion; therefore, this argument is not preserved for our review.

Estate also maintains that it stated a claim and requested relief in specific amounts against CCC. A close look at the original complaint shows that other than listing "Doe Insurance Company" as a defendant and stating, "COMES NOW, Risie Howard, Special Administrator for the Estate of Vivian S. Howard and makes and files this Complaint against Jefferson Regional Medical Center (JRMC), their insurer[,]" there was no other mention of the insurer, and there

---

[9]*Id.*

[10]*Id.*

[11]*Id.*

was no allegation made against the insurer.  Thus, there were no facts stated in the complaint on which Estate could be granted relief against CCC.  Accordingly, the circuit court did not abuse its discretion by dismissing Estate's complaint against CCC under 12(b)(6).

For its second point on appeal, Estate argues that the circuit court erred in granting CCC's motion to dismiss under Arkansas Code Annotated section 16-56-125 for lack of a John Doe affidavit when no extension of the statute of limitations was necessary.  Estate argues that since it complied with Rule 15(c), its amended complaint substituting CCC's name for "Doe Insurance Company" related back to the original complaint.  The circuit court found that even if Estate fully complied with Rule 15(c), the original complaint still had to contain the John Doe affidavit.  Estate relies on this court's decision in *Bell v. Jefferson Hospital Association, Inc.*,[12] to support is argument that it only had to comply with Rule 15(c) in order for the amended complaint to relate back to the original one.  In *Bell*, Dr. Bell brought suit against Jefferson Regional Medical Center Development, Inc. (JRMCD), for damages resulting from a slip-and-fall accident at Jefferson Regional Medical Center.  After service was made on Robert P. Atkinson, agent for service of process for JRMCD, JRMCD filed its answer and, later, a motion to dismiss, asserting that it was not a proper party because it did not and had not owned or operated the hospital as alleged in Dr. Bell's complaint.  Dr. Bell then amended her complaint, naming Jefferson Hospital Association (JHA) as the proper party.  Mr. Atkinson was then served, as agent for service of process for JHA.  JHA answered the complaint and relied on the statute

---

[12]96 Ark. App. 283, 241 S.W.3d 276 (2006).

of limitations as a complete bar to Dr. Bell's claim.  JHA moved to dismiss on that basis, and the circuit court granted its motion.

On appeal, Dr. Bell argued that her amended complaint related back to her original complaint, which was within the applicable limitations period.  This court agreed and held that the requirements for relation back were met. Combining the second and third requirements, the court of appeals held that although the amended complaint was filed after the statute of limitations had expired, "it served as timely notice to JHA because it was served on JHA within 120 days as required by Rule 15(c)."[13]  *Bell* is distinguishable.  Estate did not name the wrong party and make allegations for recovery against that party; rather, Estate named an unknown tortfeasor.  Section 16-25-125 allows a party to substitute the name of an unknown tortfeasor later in the original complaint only if the complaint contains an affidavit that the tortfeasor is unknown.  Estate failed to include the necessary affidavit; thus, regardless of whether Estate complied with Rule 15(c), it could not substitute CCC's name in its original complaint because it failed to comply with section 16-56-125.  Accordingly, we affirm the circuit court's dismissal of Estate's complaint against CCC with prejudice.[14]

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*George Howard Jr. Legal Center, L.L.C.*, by: *Risie Howard*, for appellant.

---

[13]*Id.* at 287, 241 S.W.3d at 278.

[14]Estate argues several subpoints, but we need not address them because they have no bearing on the fact that Estate failed to comply with section 16-56-125.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Benjamin D. Jackson* and *John F. Johnson*, for appellees.