Kay HARVILL *v.* COMMUNITY METHODIST HOSPITAL ASSOCIATION d/b/a Arkansas Methodist Hospital; St. Paul Fire and Marine Casualty Co., Inc., and John Doe II

89-300 786 S.W.2d 577

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*Stewart K. Lambert*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

TOM GLAZE, Justice. On December 18, 1983, the appellant, a nurse, was discharged from her employment by the Arkansas Methodist Hospital. Nearly three years later, she filed suit alleging breach of contract and tort of outrage. On January 2, 1987, the Hospital moved to dismiss appellant's suit alleging it was a non-profit institution and immune from tort liability under Ark. Code Ann. § 23-79-210 (1987). Appellant responded stating that "if the Hospital is a charitable institution and insured," then she would "amend her tort action to name the (Hospital's) insurer as a party." Appellant, in her pretrial discovery, promptly asked the Hospital if it was a non-profit corporation and insured. The Hospital subsequently answered that it had been a non-profit institution since 1949 and was insured by St. Paul Fire and Marine Casualty Co. (St. Paul).

The Hospital moved for partial summary judgment based upon appellant's contract cause of action, and the trial court granted the Hospital's motion, finding no contract existed be-

tween the appellant and the Hospital and therefore no breach occurred. Appellant appealed that ruling to the Arkansas Court of Appeals which, by non-published opinion dated September 28, 1988, affirmed the lower court.[1]

After remand, and on January 18, 1989, the appellant amended its original complaint, readopting its pleadings, but directed them against St. Paul. St. Paul, contending the amended action against it was barred by the statute of limitations, moved to dismiss the appellant's complaint. The trial court granted St. Paul's motion, and appellant files this appeal, raising one issue, *viz.*, the trial court erred by failing to allow her amended complaint against St. Paul to relate back to the date of the original complaint she previously filed against the Hospital. Appellant argues this "relation back" should have been allowed under ARCP Rule 15(c), and if the trial court had done so, the action against St. Paul would have been timely. We affirm the trial court's holding.

Our focus turns on the language contained in Rule 15(c) which provides as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The purpose of Rule 15(c) is to avoid dismissals on technical grounds where the new defendant received notice of the litigation

---

[1] This appears to have involved an interlocutory appeal under ARCP Rule 54(b), but nothing in the record reflects how the trial court and court of appeals treated this procedural issue.

before the statute of limitations expired. *See* Newbern, *Rule 15(c) of the Federal and Arkansas Rules of Civil Procedure: Amending Pleadings after the Statute of Limitations Has Run,* 1984 Ark. L. Notes 5. We have held that Rule 15 vests broad discretion in the trial court to permit amendment to pleadings and the exercise of that discretion by the trial court will be sustained unless it is manifestly abused. *See Wingfield* v. *Page,* 278 Ark. 276, 644 S.W.2d 940 (1983).

The Supreme Court has interpreted FRCP Rule 15(c), which in relevant part, is identical to our Rule 15, and that Court has stated that relation back is dependent upon the following four factors: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone* v. *Fortune,* 477 U.S. 21 (1986).

In the present case, the appellant's amended claim filed against St. Paul basically involves the same conduct which she originally set out in her complaint against the hospital. In addition, our review of the record reflects that St. Paul had received notice of appellant's claim within the prescribed limitations period and it would have not been prejudiced in maintaining its defense.[2] Our main concern is whether St. Paul knew or should have known, but for a mistake concerning identity, the appellant would have originally initiated her suit against it rather than the hospital.

The question we must decide narrows to what is meant by "mistake concerning identity." Courts have interpreted this same language in the federal rule as meaning different things. In the case of *Williams* v. *Avis Transport of Canada, Ltd.,* 57 F.R.D. 53 (1972), the court offered the broadest definition of mistake and

---

[2] Although the trial court found it was doubtful St. Paul had actual notice of appellant's suit until after the statute of limitations had run, St. Paul, in its answer to appellant's requests for admissions, conceded it was aware of the lawsuit filed against the Hospital because St. Paul insured the Hospital and was defending it.

represents one end of the spectrum of cases.

There, the plaintiff sued Avis in 1971 for an accident which occurred in 1970. The cause of action alleged that Avis had negligently permitted the car to be equipped with faulty tires. The plaintiff later attempted to amend the complaint to add Chrysler and Goodyear Tire Company. The amendment adding Goodyear Tire Company was allowed because within two years of the alleged accident, Avis had written Goodyear and advised it about the claim of defect in its tires. In allowing the amendment, the Nevada District Court stated broadly that a mistake exists whenever a party who may be liable for the actionable conduct alleged in the complaint was omitted as a party defendant.

At the opposite end of the spectrum, we find the case of *Rogatz* v. *Hospital General San Carlos, Inc.*, 89 F.R.D. 298 (1980). In *Rogatz*, the court construed Rule 15(c) to allow mistake to mean only to correct errors in the identification of defendants. There, an accident occurred on August 14, 1978, and the original complaint was filed against the hospital on July 5, 1979, within the one-year statute of limitations. On August 23, 1979, the plaintiff filed an amended complaint which added the insurance company as a co-defendant. The Puerto Rico District Court did not allow the amendment, stating that Rule 15(c) was envisioned to correct the misnomers of the defendant. The court held that there was no mistake where if the plaintiff had exercised due diligence he could have readily obtained information as to the identity of the additional party within the limitation period.

There are other cases which seem to fall within the two extremes represented by the holdings in *Williams* and *Rogatz*. For example, the Seventh Circuit Court of Appeals refused to adopt the expansive view of *Williams*. In *Norton* v. *International Harvester Co.*, 627 F.2d 18 (7th Cir. 1980), the plaintiff brought a wrongful death action against International Harvester, alleging that a defective part had caused her husband's death. After the statute of limitations had run, the plaintiff amended the complaint to add the manufacturer of the defective part. While the court determined that the manufacturer did not have proper notice, the court also stated that Rule 15 permits an amendment to relate back only when there has been an error made concerning the identity of the proper party and whether that party is

chargeable with knowledge of the mistake. In another federal circuit, the Ninth Circuit Court of Appeals held that Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party. Nor was it intended to permit a plaintiff to engage in piecemeal litigation. *Kilkenny* v. *Arco Marine, Inc.*, 800 F.2d 853 (9th Cir. 1986).

The Eighth Circuit Court of Appeals also has had the opportunity to address the meaning of "mistake" in Rule 15(c). In *Russ* v. *Ratliff*, 578 F.2d 221 (8th Cir. 1978), the plaintiff brought a civil rights action which arose from her husband having been shot and killed by a police officer.[3] The plaintiff named numerous defendants, including police officers, the mayor and city council. After the case was tried on the merits and appealed and plaintiff was left with but one judgment-proof defendant, the plaintiff amended the complaint to add the city. While the court found that the city would have notice since its mayor and city council were sued, it did not find that the city would not be prejudiced. Further, and more importantly to the issue before us now, the court in *Russ* held that the plaintiff's failure to name the city was not due to any mistake in identity of the proper party to be sued. The court held that the plaintiff's attorneys chose as defendants persons whom they thought to be, and who were, proper parties.

The Eighth Circuit Court of Appeals has also discussed mistake in its Rule 15(c) context in the case of *Trace X Chemical* v. *Gulf Oil Chemical Co.*, 724 F.2d 68 (8th Cir. 1983). In 1978, Trace X brought an action against Gulf alleging that Gulf had breached various express and implied warranties in its sale of TNT to Trace X. Within the four year statute of limitations, Gulf notified CIL, Gulf's supplier of TNT, of the pending litigation and requested CIL to defend. In 1981, after the statute of limitations had expired, Trace X discovered that CIL had sold it the defective TNT rather than Gulf. A billing error by CIL apparently contributed to Trace X having filed its original suit against Gulf. After discovering its mistake, Trace X amended its

---

[3] This suit actually involved not only the deceased's widow, but also his minor children as well. For convenience, we refer only to the widow as plaintiff.

complaint to name CIL as defendant. CIL argued that the amendment should not be allowed to relate back, because Trace X made no mistake concerning identity but had instead made a tactical decision to bring suit against Gulf.

In affirming the lower court's allowance of Trace X's amendment, the Eighth Circuit Court concluded that Gulf was obviously not the proper party to take responsibility for the defective TNT and that CIL should have discovered its billing error and when Gulf sent its notice to CIL of Trace X's suit, CIL should have realized that Trace X had sued the wrong party. The Eighth Circuit held that it could not find as a matter of law that the district court was wrong in classifying Trace X's acts as a "mistake concerning the identity of the proper party" under Rule 15(c).

■ We believe the rationale used by the Eighth Circuit in *Russ* and *Trace X* is sound, and we apply it to the facts in the present case. In doing so, we first look to the findings made by the trial court below when it decided that the appellant could not amend its complaint to include St. Paul as a party. The trial court pointed out that the appellant initially filed its tort of outrage and wrongful discharge claims against the hospital, but, for whatever reason, she elected not to pursue her tort of outrage claim. In this connection, the trial court noted that the appellant ignored her tort claim and pursued her contract action in lower court and on appeal to the court of appeals. After losing her wrongful discharge claim, appellant then elected to pursue her tort action against St. Paul — some six years after her discharge in 1983. Appellant certainly knew of St. Paul's existence after she filed suit against the Hospital, but she gave no explanation as to why she did not pursue both her contract and tort claim after she initially filed them. The trial court noted the legal difficulty in proving the claim of tort of outrage and concluded, based upon the circumstances of the case, the court believed the appellant made a conscious and deliberate strategical decision that she would not pursue her tort claim and that her decision not to do so was not caused by a mistake in identity. In reviewing the trial court's findings, we are unable to say the trial court erred as a matter of law.

■ Finally, the appellant also attempts to argue alterna-

tively that, because she filed a John Doe pleading authorized under Ark. Code Ann. § 16-56-125 (1987), she should be able to substitute St. Paul as the John Doe pled in her original complaint. John Doe pleadings are for actions against a tortfeasor whose identity is unknown. John Doe pleadings, however, are of no assistance to the appellant because before a real party can be substituted for a "Doe" defendant in the original complaint, such pleadings must still meet the requirements of Rule 15(c). *See Williams*, 57 F.R.D. 53.

We also note that appellant seems to suggest that her cause of action against the Hospital's insurance company under Ark. Code Ann. § 23-79-210 (1987) should not have to be within the statute of limitations. While that section allows for a direct action against the insurance company, there is no indication that such an action is not subject to the statute of limitations. This same argument was raised and rejected in *Rogartz*, 89 F.R.D. 298.

For the reasons given above, we affirm.