Cite as 2021 Ark. App. 28

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-788

|  |  |
|---|---|
| | **Opinion Delivered:** January 20, 2021 |
| ARTHUR JOYCE<br>APPELLANT | |
| V. | APPEAL FROM THE CRITTENDEN<br>COUNTY CIRCUIT COURT<br>[NO. 18CV-17-241] |
| NORTHEAST ARKANSAS<br>COMMUNITY MENTAL HEALTH<br>CENTER, INC., D/B/A MID-SOUTH<br>HEALTH SYSTEMS, INC.; ALLIANCE<br>OF NONPROFITS FOR<br>INSURANCE, RISK RETENTION<br>GROUP; JOHN DOE I, JOHN DOE II,<br>AND JOHN DOE III; AND STEVEN D.<br>BILLUPS<br>APPELLEES | HONORABLE RALPH E. WILSON,<br>JR., JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Arthur Joyce appeals the June 13, 2019 order of the Crittenden County Circuit Court granting appellee, Northeast Arkansas Community Mental Health Center, Inc., d/b/a Mid-South Health Systems, Inc.'s (Mid-South's) motion for summary judgment. Joyce contends that the court erred by failing to strike Mid-South's summary-judgment motion based on charitable immunity due to the claim being untimely and prejudicial. Joyce also claims that Mid-South waived its immunity as it never affirmatively claimed to have the immunity until it filed its motion for summary judgment, which was filed after the three-year statute of limitations had run. Thus, Joyce argues that Mid-South

should be estopped from claiming the immunity. Joyce also argues that the statute of limitations on the time to file an action against Mid-South's insurance carrier should run from the date Mid-South claimed charitable immunity, not the date of the occurrence giving rise to the suit. We affirm.[1]

Joyce had a contract with, and served as a foster parent for, Mid-South. Mid-South was under contract with the Arkansas Department of Human Services (DHS) to provide certain services, including the Therapeutic Foster Care (TFC) Program. On July 16, 2013, Mid-South placed Steven Billups, a seventeen-year-old TFC child, in Joyce's home. On August 14, Billups shot Joyce three times with his own gun. Joyce filed a complaint against Mid-South on July 7, 2014, alleging negligence. Mid-South filed its answer on July 21, essentially denying the material allegations of Joyce's complaint. Under the affirmative defenses, Mid-South stated that discovery "may show that defendant is a charitable entity which is immune from tort liability under applicable Arkansas law." Joyce voluntarily nonsuited the action, and an order of dismissal without prejudice was filed on April 27, 2016.

On April 12, 2017, Joyce refiled his action against Mid-South. In this new action, Joyce added potential insurers and John Doe I, John Doe II, and John Doe III as defendants. Mid-South answered on May 5, denying the material allegations of the complaint. Under affirmative defenses, Mid-South contended that discovery "may show that defendant is a charitable entity which is immune from tort liability under applicable Arkansas law." It also stated that discovery "may show that defendant is entitled to acquired governmental

---

[1]We deny Mid-South's renewed motion to dismiss.

immunity under applicable Arkansas law." Mid-South added Billups as a third-party defendant. Joyce amended his complaint on June 4, 2018, alleging negligence, actual and constructive fraud, and intentional concealment. Mid-South answered on June 6, denying the material allegations of the complaint and including the same statements as above under affirmative defenses. Joyce filed a third amended complaint on June 20 adding constructive notice. Mid-South filed an answer the next day denying the material allegations of the complaint and restating the same statements made in prior answers under affirmative defenses.

On July 10, Joyce filed his fourth amended complaint. It was in this complaint that he named Mid-South's insurance company, Alliance of Nonprofits for Insurance, Risk Retention Group (Alliance). Citing Mid-South's statements under affirmative defenses regarding possible immunity, Joyce contended that Alliance should be added as a defendant as Mid-South was insured for $6 million under its policy with Alliance. Mid-South answered on July 26, admitting that for the period covering Joyce's complaint, there is $6 million of coverage available. It again made the same affirmative defenses.

Alliance filed a motion to dismiss with incorporated authority on December 5 alleging that Joyce had failed to cause a summons to be issued against it and that it had not been served in this action. Alliance contended that since the statute of limitations had already run on Joyce's claim against it, the complaint should be dismissed with prejudice. Joyce responded on December 7 alleging that service is unnecessary when a defendant voluntarily enters its appearance. Alliance filed a reply on December 12 denying that it had entered any appearance in this action and denied that it had consented to the jurisdiction of

3

the court. On January 2, 2019, the court entered an order dismissing Alliance with prejudice.

Joyce filed a fifth amended complaint on January 18. Mid-South filed an answer denying the material allegations and restating that it may be immune under charitable and/or governmental immunity. A sixth amended complaint was filed on February 7 alleging negligence against both Joyce and his son, Austin. Mid-South answered the complaint on February 14 and denied the material allegations. It listed the same statements under affirmative defenses as it had since the case was refiled in 2017.

Mid-South filed a motion for summary judgment based on charitable immunity and a supporting brief and documentation on April 25. Joyce filed a response and supporting brief on May 14 contending that Mid-South's claim of charitable immunity should be struck to avoid prejudice as it had never affirmatively asserted that it was immune from suit. Joyce also alleged that Mid-South had waived its right to claim immunity and that it should be estopped from claiming the immunity so late in the suit. Joyce further claimed that Mid-South had failed to comply with Arkansas Code Annotated section 23-79-210,[2] depriving Joyce of his right to a direct action against Mid-South's carrier.

Mid-South filed a motion for summary judgment based on acquired immunity on April 26. It included an affidavit, documents, excerpts from depositions, and Joyce's complaint filed with the Arkansas Claims Commission as exhibits to its motion. Mid-South also filed a brief in support of its motion. Joyce filed a response and supporting brief on May 16 contending that Mid-South failed to comply with Arkansas Code Annotate section

---

[2](Repl. 2014).

9-28-903,[3] which imposes a statutory duty on Mid-South to provide notice to Joyce as a foster parent. Mid-South filed a reply on May 22, contending that Joyce had failed to meet proof with proof and had, instead, relied solely on legal conclusions based on provisions of the Foster Parent Support Act of 2007.

The court held a hearing on May 24. The court filed its order and judgment on June 13, granting Mid-South summary judgment based on both charitable immunity and acquired immunity. As to charitable immunity, the court found that Mid-South had raised it as an affirmative defense throughout the litigation and that there was no fraud or deception used by Mid-South in its pleadings. The court also found that Joyce had notice of Mid-South's charitable-immunity defense as established by the language incorporated into Joyce's fourth amended complaint. Joyce filed a notice of appeal on July 11. This timely appeal followed.

Joyce argues that the circuit court erred by granting Mid-South summary judgment based on charitable immunity. More specifically, he contends that the court erred by not striking Mid-South's summary-judgment motion because Mid-South never specifically raised charitable immunity as a defense. He also argues that Mid-South waived its right to claim the immunity when it never claimed it until the limitations period had run and only then in its motion for summary judgment. Additionally, Joyce contends that Mid-South

[3](Repl. 2015).

5

should be estopped from claiming charitable immunity having only claimed it after the three-year statutory period.[4]

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law.[5] The burden of sustaining a motion for summary judgment is always the responsibility of the moving party.[6] Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.[7] However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence.[8] On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered.[9] We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[10] Our review focuses

---

[4]We note that Mid-South's statement—that discovery "may show that defendant is a charitable entity which is immune from tort liability under applicable Arkansas law"— is somewhat deceptive, as an entity either is or is not claiming to be immune from tort liability.

[5]*Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274.

[6]*McGrew v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 567, 268 S.W.3d 890 (2007).

[7]*Greenlee, supra.*

[8]*Moses v. Bridgeman*, 355 Ark. 460, 139 S.W.3d 503 (2003).

[9]*Greenlee, supra.*

[10]*Id.*

not only on the pleadings but also on the affidavits and other documents filed by the parties.[11]     Here, Mid-South filed two motions for summary judgment based on two independent grounds: charitable immunity and acquired immunity. The court granted Mid-South summary judgment on both grounds. However, Joyce challenges only the charitable-immunity ground on appeal. This is fatal. When an appellant does not challenge a circuit court's independent and alternative basis for its ruling, we must summarily affirm without addressing the merits of either basis.[12]

Additionally, any judgment rendered on Joyce's charitable-immunity argument would be moot under the facts of this case. As a general rule, the appellate courts of this state will not review issues that are moot because to do so would be to render an advisory opinion.[13] Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy.[14] Here, the circuit court has already granted Mid-South summary judgment on the basis of acquired immunity, which is unchallenged by Joyce. The doctrine of acquired immunity provides that a contractor who performs in accordance with the terms of its contract with a governmental agency and under the direct supervision of the governmental agency is not liable for damages resulting from that performance.[15] An exception to this immunity is when the contract is performed in a

---

[11]*Id.*

[12]*See Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005).

[13]*Allison v. Lee Cty. Election Comm'n*, 359 Ark. 388, 198 S.W.3d 113 (2004).

[14]*Id.*

[15]*See Smith v. Rogers Grp., Inc.*, 348 Ark. 241, 72 S.W.3d 450 (2002).

negligent manner resulting in damages to others.[16]  Mid-South presented evidence in the form of an affidavit and excerpts from depositions that it performed its duty satisfactorily under the contract it had with DHS and did not act negligently; Joyce did not meet proof with proof to show otherwise.  Thus, even if we were to reverse and remand the circuit court's order on the charitable-immunity issue, the outcome would still be the same because Mid-South cannot be held liable for damages on the basis of the acquired immunity the court has already granted it.

Without citation to authority, appellant argues that the statute of limitations against a carrier in an immunity case should not begin to run until the entity specifically claims its immunity.  We have consistently held that we will not consider an argument on appeal that has no citation to authority or convincing legal argument, nor will we research or develop an argument for appellant.[17]  To the extent Joyce asks this court to overrule *Harvill v. Community Methodist Hosp. Ass'n*,[18] this court has no authority to overrule a decision by the Arkansas Supreme Court.[19]

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Jesse B. Daggett* and *Roy C. Lewellen*, for appellant.

*Barber Law Firm, PLLC*, by: *S. Brent Wakefield* and *Adam D. Franks*, for appellees.

---

[16] *Id.*

[17] *Cooper v. Cooper*, 2013 Ark. App. 748, 431 S.W.3d 349.

[18] 302 Ark. 39, 786 S.W.2d 577 (1990).

[19] *Nicholas v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 471, 561 S.W.3d 752.