Cite as 2025 Ark. App. 378

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-22-721

| | |
|---|---|
| LANDON BUNCH<br><br><div align="right">APPELLANT</div><br><br>V.<br><br><br>GROSS & JANES, INC.; STELLA-JONES CORPORATION; KOPPERS, INC.; AND LONE STAR SPECIALTY PRODUCTS, LLC, D/B/A LONE STAR SPECIALTIES, LLC<br><br><div align="right">APPELLEES</div> | Opinion Delivered June 4, 2025<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-18-223]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

The appellant, Landon Bunch, appeals from the circuit court's orders dismissing his products-liability action against the appellees, Gross & Janes, Inc. (Gross & Janes); Stella-Jones Corporation (Stella-Jones); Koppers, Inc. (Koppers); and Lone Star Specialty Products, LLC, d/b/a Lone Star Specialties, LLC (Lone Star). He urges us to reverse the circuit court's ruling that his amended complaint substituting the appellees for John Doe defendants was barred by the statute of limitations. Bunch also contends that the circuit court erroneously ruled that it lacked personal jurisdiction over Lone Star. We affirm.

I. *Factual Background*

A.  Bunch Files a Complaint and Amended Complaints Alleging that He Developed AML from His Exposure to Chemicals During His Employment

Bunch was diagnosed with acute myelogenous leukemia (AML) on January 31, 2013. On January 29, 2016, he filed a complaint in the circuit court against thirteen identified corporate defendants and "John Doe Company Nos. 1–10." Bunch alleged that he "was employed as an equipment operator in Siloam Springs, Arkansas, from 1994 through 1995" and, in that capacity, was exposed various carcinogenic chemicals, including "benzene, toluene, xylene, xylol, VM&P naphtha, methyl ethyl ketone, gasoline, diesel fuel and resultant exhausts, solvents, mineral spirits, thinners, reducers, sealers, and naphtha [that was] manufactured, processed, compounded, distributed, and and/or retailed by [most of] the defendants[.]" He further alleged that he was also exposed to most of the same carcinogenic chemicals "[f]rom 1999 through 2000, while working as a machine operator in Siloam Springs, Arkansas."

Additionally, the complaint claimed that the defendant manufacturers and suppliers were liable on theories of negligence, breach of warranty, and strict liability. Bunch also sued Gates Corporation (Gates) and Webb Wheel Products, Inc. (Webb Wheel), "the owners and operators of the premises" where he worked from 1994 to 1995 and from 1999 to 2000, respectively, for negligence; and he sought punitive damages against all the defendants.

On March 20, 2017, the circuit court granted the defendants' joint motion to dismiss Bunch's complaint. The order provided that the action was "dismissed entirely, without prejudice to re-filing."

The present litigation began when Bunch refiled his complaint on January 26, 2018, against eleven identified corporate defendants and ten fictitious "John Doe" companies.[1] In this new "original complaint," Bunch alleged that he had been exposed to carcinogenic chemicals that he now collectively called "aromatic hydrocarbons" or "petroleum-based products," and he explained that all are contaminated with varying amounts of benzene. Bunch also alleged that "[t]he health hazards of aromatic hydrocarbons have been well documented since the 1920s," and "chronic, prolonged inhalation of vapors from aromatic hydrocarbons contaminated with small amounts of benzene has a destructive effect on the blood-forming tissue and can cause . . . AML[.]" The complaint further alleged that "aromatic hydrocarbons are ingredients in products produced, manufactured, sold, distributed, and/or otherwise placed into the stream of commerce" by the defendants.

The new complaint also alleged more detailed facts regarding Bunch's workplace exposures. Bunch explained that he "was first exposed to aromatic hydrocarbons contaminated with benzene from January through May of 1997 while employed by Z-Tech

---

[1]Bunch availed himself of Arkansas's savings statute, Ark. Code Ann. § 16-56-126 (Repl. 2005), which states that a plaintiff may commence a new action within one year of suffering the nonsuit of a complaint filed within the applicable statute of limitations—here, the three-year statute of limitations for products-liability claims. *See* Ark. Code Ann. § 16-116-203 (Repl. 2016).

at defendant Gates Rubber Company's facility in Siloam Springs[.]" While employed at Gates, Bunch vacuumed and chemically cleaned a large piece of industrial equipment designed to "collect dust, mist, and fumes from manufacturing processes." "As a result of [that] cleaning process, Bunch experienced both dermal and respiratory exposure . . . to dusts, mists, and fumes from solvents, cements, and release and bonding agents" that contained aromatic hydrocarbons that were manufactured, sold, or supplied by various identified defendants.

According to the complaint, Bunch's "next exposure to benzene-contaminated aromatic hydrocarbons occurred while he was employed at [Webb Wheel] in Siloam Springs . . . from approximately August of 1998 through August of 1999." Among other things, Webb Wheel manufactured "hubcaps and brake assemblies for large tractor trailers." Bunch was responsible for operating a machine "designed to shape the hubcaps," which involved "placing the drum of the assembly onto a rack over which a stream of petroleum-based solvent cleaning solution continuously streamed." The complaint alleged that various identified defendants "manufactured, sold, and supplied benzene-contaminated petroleum-based solvents to Webb Wheel[.]" As he did before, Bunch sued the defendants on theories of negligence, breach of warranty, and strict liability, and he sought punitive damages.

The appellees here—Koppers, Gross & Janes, Stella-Jones, and Lone Star—first appear in Bunch's third amended complaint, which he filed on August 13, 2019. They were substituted for four of the John Doe companies sued in the original complaint in 2016.

In addition to Bunch's alleged exposures to aromatic hydrocarbons at Gates and Webb Wheel, the third amended complaint claimed that Bunch also was exposed "while he was employed by Kansas City Southern Railway Company ("KCS") in various locations in Texas, Oklahoma, and Arkansas . . . from approximately 2011 through 2014." Bunch was a "section laborer" at KCS, and his duties "included laying railroad ties in connection with the construction of new railroad track, as well as repairing existing railroad track." He also "had to perform field maintenance and repairs of heavy machinery and equipment[.]" According to the complaint, appellees Lone Star, Gross & Janes, Koppers, and Stella-Jones were among the defendants who "manufactured, sold, or supplied benzene-contaminated products to KCS."

Bunch followed with a fourth amended complaint that he filed on November 8, 2019. The factual allegations and theories of liability against the appellees, however, did not materially change.

### B. Koppers, Gross & Janes, and Stella-Jones Move to Dismiss the Amended Complaints

Beginning on November 26, 2019, Koppers, Gross & Janes, and Stella-Jones filed separate motions to dismiss the fourth amended complaint. To begin, Koppers argued that the claims against it should be dismissed under Arkansas Rule of Civil Procedure 12(b)(2) because it did not have sufficient contacts in Arkansas to warrant the circuit court's exercise of personal jurisdiction.

Koppers, Gross & Janes, and Stella-Jones also argued that the fourth amended complaint was barred by the statute of limitations. They contended that Bunch failed to substitute them for John Doe defendants before the expiration of the three-year statute of limitations for products-liability claims, *see* Ark. Code Ann. § 16-116-203 (Repl. 2016), and the fourth amended complaint did not relate back to the original complaint filed on January 29, 2016. In particular, the appellees asserted they did not receive notice within 120 days of the filing of the original complaint, as required by Ark. R. Civ. P. 15(c)(2), and the claims against them did not arise out of the same "conduct, transaction or occurrence" alleged in the original complaint. The appellees asserted that "the exposures alleged against [them] occurred only through [Bunch's] work as an employee of KCS at sites of exposure that were not alleged in any of the previous complaints."

Bunch responded that the circuit court had personal jurisdiction over Koppers. He also argued that his claims against Koppers, Gross & Janes, and Stella-Jones were not time-barred.

Regarding the time bar, Bunch contended that his 2016 complaint tolled the statute of limitations because it "fully complied with the [requirements of] the John Doe statute," *see* Ark. Code Ann. § 16-56-125 (Repl. 2005), and "[c]onsequently, there [was] no need . . . to relate the [fourth] amended complaint back to [the] original complaint." Bunch argued, in fact, that "any failure to comply with Rule 15(c) . . . is irrelevant" because the purpose of Rule 15 "is to prevent a defendant who was misidentified or misnamed from defeating an

action on the basis of a minor technical defect" and "was never intended to operate as a limitation on the John Doe statute."

The circuit court entered an order dismissing the complaints against Koppers, Gross & Janes, and Stella-Jones with prejudice on April 1, 2020. The court found that "under the holdings of the Supreme Court in *Stephens v. Petrino*, 350 Ark. 268, 86 S.W.3d 836 (2002), and *Harvill v. Community Methodist Hosp. Ass'n*, 302 Ark. 39, 786 S.W.2d 577 (1990), [Bunch] has failed to meet the requirements of Arkansas Rule of Civil Procedure 15(c) [regarding] these defendants." Specifically, Bunch "originally pled conduct only at the locations of Webb Wheel and [Gates] in Siloam Springs, Arkansas, and there were not allegations of any conduct [by] Gross & Janes, Stella-Jones, and Koppers at those locations." The court additionally ruled that Bunch "failed to establish that [those] three defendants had notice of the claim" and "failed to file any complaint against [them] within 120 days of his original complaint." Finally, the circuit court ruled that the remaining grounds for dismissal, including Koppers's claim that the circuit court lacked personal jurisdiction, were moot.

Bunch filed a motion for reconsideration on April 13, 2020. In his motion, he argued, inter alia, that "limitation of the John Doe statute by application of Rule 15(c) violates Arkansas's separation of powers clause." He said that the John Doe statute evinces the General Assembly's intention "to provide a procedure for litigants to toll the statute of limitations against unknown tortfeasors so they can be joined in a trial court action if and when they are ultimately identified," and there is "no limit to the amount of time that the statute of limitations may be tolled against an unknown tortfeasor." Therefore, applying Rule

7

15(c) "to nullify the intent and will of the General Assembly to toll limitations against unknown tortfeasors during the pendency of any given lawsuit is impermissible and runs afoul of Ark. Const. Art. IV, § 2." The circuit court denied Bunch's motion for reconsideration in an order entered on May 11, 2020.

### C. Lone Star Moves to Dismiss the Fourth Amended Complaint

On April 8, 2020, Lone Star filed a motion asserting that the claims against it also should be dismissed as barred by the statute of limitations. Lone Star asserted that the arguments in Koppers's motions to dismiss were "equally applicable to defendant Lone Star"; therefore, it "adopt[ed] and incorporate[d] [them] by reference." Accordingly, dismissal was proper because Bunch "failed to meet the requirements of Ark. R. Civ. P. 15 with respect to Lone Star." Alternatively, Lone Star asserted that it did not have sufficient contacts in Arkansas to warrant the circuit court's exercise of personal jurisdiction. It is an Oklahoma company that "[does] not have any offices or assets in Arkansas" and does not sell any of its alleged carcinogenic product—a chemical compound that is commonly applied to railroad ties—in Arkansas while Bunch was working there.

In response, Bunch reiterated that his amended complaint was timely because he complied with the requirements of the John Doe statute, and Rule 15(c) could not be constitutionally applied to place any time limit on substitutions for fictitious defendants. Bunch also insisted that the circuit court had specific personal jurisdiction over Lone Star because it sold its product to a regional distributor with the expectation that it would reach Arkansas.

The circuit court entered an order granting Lone Star's motion to dismiss on January 7, 2021. The dismissal order was based on the same rationale as its April 1, 2020, dismissal order: Bunch's third amended complaint and fourth amended complaint "are defective under Arkansas Rule of Civil Procedure 15(c) concerning [Lone Star]." Accordingly, Bunch's claims against Lone Star "do not relate back to the original action under Ark. R. Civ. P. 15(c)[,]" and they "are barred by the statute of limitations." The circuit court additionally found that it could not exercise personal jurisdiction over Lone Star because it did not have sufficient contacts in Arkansas.

## II. *Discussion*

### A. Relation Back of Amendments Replacing John Doe Defendants

Bunch first argues that the circuit court erroneously relied on precedent from our supreme court to rule that his third and fourth amended complaints did not relate back to the original complaint he filed in 2016. He contends that the supreme court cases applying Rule 15(c) to amendments replacing fictitious defendants should be overruled as conflicting with Arkansas's John Doe statute.

Arkansas Code Annotated section 16-56-125(a) provides that "for purposes of tolling the statute of limitations, any person, firm, or corporation may file a complaint stating his or her cause of action in the appropriate court of this state, whenever the identity of the tortfeasor is unknown." On the complaint, "[t]he name of the unknown tortfeasor shall be designated by the pseudo-name John Doe, or, if there is more than one (1) tortfeasor, John Doe 1, John Doe 2, John Doe 3, etc." Ark. Code Ann. § 16-56-125(b)(1). Once the plaintiff

9

determines the identity of the tortfeasor, "the complaint shall be amended by substituting the real name for the pseudo-name." Ark. Code Ann. § 16-56-125(b)(2). "It shall be necessary," however, "for the plaintiff or plaintiff's attorney to file with the complaint an affidavit that the identity of the tortfeasor is unknown before this section shall apply." Ark. Code Ann. § 16-56-125(c).

Arkansas Rule of Civil Procedure 15(c) sets forth the requirements that must be met before an amendment changing the name of a party can relate back to the date of an original pleading. First, the claim or defense asserted in the amended pleading must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ark. R. Civ. P. 15(c)(2) (2024). Second, within the period provided by Ark. R. Civ. P. 4(i) for service of the summons and complaint, the party to be brought in by amendment

> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id.*

Bunch asserts that his substitution of the appellees for John Doe defendants was timely simply because his original complaint met the requirements of the John Doe statute. He argues that Rule 15(c) has no role here because the John Doe statute does not "make any reference to [Rule 15(c)], or use any of its language." Bunch also acknowledges, however, that the weight of authority from our supreme court is against him, observing that "the cases

10

indicate that the substitution of a previously unknown defendant is untimely unless the amendment [also] relates back under [Rule 15(c)]."

Indeed, cases from our supreme court do not support Bunch's claim that he must only meet the requirements of the John Doe statute before amending his complaint. In *Harvill*, 302 Ark. at 45–46, 786 S.W.2d at 581, the supreme court held that "before a real party can be substituted for a 'Doe' defendant in the original complaint, such pleadings must still meet the requirements of Rule 15(c)." In *Stephens v. Petrino*, 350 Ark. 268, 278–79, 86 S.W.3d 836, 842 (2002), the supreme court held that the plaintiff in a medical-malpractice action could not benefit from the tolling available under the John Doe statute because she knew the identity of the tortfeasor when she filed her original complaint. The court also explained, however, that "even if the John Doe statute were to apply in this case," the plaintiff was still required "to comply with the strictures of Rule 15 so as to permit the amended complaint to relate back to the time of the filing of the first complaint." *Id.* In *Berryhill v. Synatzske*, 2014 Ark. 169, at 7, 432 S.W.3d 637, 641–42, the court held that a plaintiff who named the defendant's estate as a John Doe defendant could avail herself of tolling under the John Doe statute because she did not know that the defendant had died—or the identity of the defendant's personal representative—when she filed her original complaint. The court also held, however, that the plaintiff was still bound to meet the requirements of Rule 15(c) before she could amend the complaint to substitute the defendant's estate. *Id* at 7–8, 432 S.W.3d at 642 ("Additionally, we turn to Rule 15(c) because, before a real party can be

substituted for a John Doe defendant in the original complaint, such pleadings must still meet the requirements of Rule 15(c).").

Even so, Bunch asserts that he should prevail because these cases were wrongly decided. He points out that the John Doe statute does not make any reference to Rule 15(c) or its relation-back requirements and that the statute and the rule address "two different purposes." Bunch explains that "[r]elation back gives grace to a plaintiff when the wrong defendant is named and [Rule 15(c)'s] conditions are met." "The John Doe statute," on the other hand, "stops the limitations from running at all so that relation back is not needed." According to Bunch, "*Harvill* and its progeny failed to appreciate this dichotomy," and in violation of separation of powers and the intent of the General Assembly, those cases erroneously engraft the requirements of Rule 15(c) onto the statute.[2]

We must affirm. Bunch's statute-of-limitations argument hinges entirely on overruling the supreme court precedent, which this court lacks the authority to do. *See Joyce v. Ne. Cmty. Mental Health Ctr., Inc.*, 2021 Ark. App. 28, at 9 ("To the extent Joyce asks this court to overrule [*Harvill*], this court has no authority to overrule a decision by the Arkansas Supreme Court."). Bunch also waives any alternative argument that he complied with the

---

[2]Bunch suggests that his case requires reassignment to the supreme court because it "raises an issue needing clarification or development of the law, or the overruling of precedent." To that end, he filed a motion to transfer the case to the supreme court on February 15, 2023. The supreme court denied the motion on July 20, 2023.

requirements of Rule 15(c). Accordingly, we affirm the circuit court's orders dismissing the claims against Koppers, Gross & Janes, Stella-Jones, and Lone Star with prejudice.

### B. Personal Jurisdiction

Bunch next argues that the circuit court erred when it found that it did not have personal jurisdiction over Lone Star. As he did below, he contends that Lone Star placed its products into the stream of commerce with the expectation that they would reach Arkansas, and Lone Star's conduct caused consequences in the state. Specifically, Lone Star sold its chemical compound to a KCS subsidiary who Bunch says acted as a regional distributor for Lone Star's product. Bunch maintains that railroad ties treated with Lone Star's chemical compound were in fact distributed to Arkansas, and he was exposed to those ties while working in the state. Bunch contends, therefore, that Arkansas has specific personal jurisdiction over Lone Star.[3]

We decline to address Bunch's personal-jurisdiction argument because we affirm the dismissal of Bunch's claims against Lone Star as barred by the statute of limitations. "Appellate courts will not review issues that are moot." *Turnbo v. Hamlett*, 2024 Ark. App. 128, at 16, 686 S.W.3d 813, 824. "An issue is moot if any judgment or opinion issued by

---

[3]Bunch also addresses the circuit court's jurisdiction over Koppers, but he explains that he does so only "in the event Koppers raises personal jurisdiction on appeal [from the circuit court's order finding the issue was moot], which [Koppers] may do without having cross appealed." Observing in his reply brief that "Koppers decided not to advance [the personal-jurisdiction] issue on appeal, Bunch also "agrees with Koppers that the issue is moot."

this Court would have no practical effect upon a then existing controversy." *Id.* at 16–17, 686 S.W.3d at 824. A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *Id.* at 17, 686 S.W.3d at 824.

As discussed above, we must affirm the circuit court's order dismissing with prejudice the claims against Lone Star as time-barred. *See Kangas v. Neely*, 346 Ark. 334, 336, 57 S.W.3d 694, 696 (2001) ("[I]f the suit is . . . barred by the statute of limitations, the dismissal is with prejudice."). Accordingly, the issue of whether the circuit court has personal jurisdiction over Lone Star is now moot. *Cf. Dolan v. Lichtsinn Motors, Inc.*, 2024 Ark. App. 501, at 12, 701 S.W.3d 772, 781 ("We affirm the circuit court's dismissal of Dolan's claims . . . for lack of personal jurisdiction, making the circuit court's findings on improper venue moot.").

III. *Conclusion*

We cannot overrule the Arkansas Supreme Court precedent holding that amendments to replace John Doe defendants must meet the requirements of Arkansas Rule of Civil Procedure 15(c). Consequently, we must affirm the circuit court's dismissal of Bunch's claims against the appellees as barred by the statute of limitations, and any question about the circuit court's exercise of personal jurisdiction over Lone Star is moot.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Odom Law Firm*, by: *Russell B. Winburn*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

14

*PPGMR Law, PLLC*, by: *James D. Rankin III* and *Forrest C. Stobaugh*, for separate appellee Gross & Janes, Inc.

*Shook, Hardy & Bacon L.L.P.*, by: *David Brent Dwerlkotte*, *pro hac vice*; and *Wales & Mikesch, PLLC*, by: *Jason Harris Wales*, for separate appellee Stella-Jones Corporation.

*Robert L. Jones III*; *Amber J. Prince*; and *Dickie, McCamey & Chilcote, P.A.*, by: *Christopher D. Stofko*, *pro hac vice*, and *Vaughn K. Schultz*, *pro hac vice*, for separate appellee Koppers, Inc.

*Huckaby Law Firm, PLC*, by: *D. Michael Huckaby* and *Kathryn B. Knisley*, for separate appellee Lone Star Specialty Products, LLC, d/b/a Lone Star Specialties, LLC.